CASE 4—AGREED CASE—MARCH 4.

# Hays v. Applegate.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

1. TRUSTS—POWERS OF TRUSTEE—REINVESTMENT.—Under an antenuptial contract and deed of trust entered into by an intended husband and wife by which the property of the latter was conveyed to a trustee, and in which the intended husband waived his marital rights therein, the purpose being to secure to the beneficiary her property as a separate estate, in order that she might receive the income therefrom for her livelihood, the deed of trust providing that the trustee should pay over to the said beneficiary for her own use and benefit the entire income derived from said property, and further providing that the trustee might "sell, convey and assign over said property, or any part thereof, and pass a good title to the purchaser for the purpose of reinvestment only upon written request of said first and second parties," the proceeds of the sale to be held on the same

trust as well as any property purchased therewith, the power of sale and reinvestment having been given the trustee in order that the property in which the estate was invested should be productive of income, that power was not exhausted by having been once exercised as to particular property, and must be held to continue so as to keep the trust estate productive. Unless it is expressly stipulated in the instrument creating the trust, the purchaser of such trust property will not be required to look to the reinvestment of the purchase price.

CHAS. M. LINDSEY FOR APPELLANT.

1. Where the power to sell and reinvest settled lands upon the same trust is reserved in the deed or will, and is executed by a sale and investment of the proceeds in other property, the power is spent; that is the donee of the power can not by reason thereof sell newly acquired land with view of investment. Fritsch v. Klausing, 11 Ky. L. Rept., 788.

2. There is nothing in the trust deed in this case which extends the power of sale and re-investment of property which might be purchased with the trust funds.

3. The provisions of the deed of trust which provided that Mrs. Monroe should be "unable to assign or transfer it, or in any way receive any benefit from the property, except the income as it became due and payable" is a valid restriction on separate estates. First Perry on Trusts, secs. 387, 670 and 671.

4. A title is not "marketable" where it depends upon the construction or legal operation of an instrument. Maupin on Marketable Titles, sec. 284; Alexander v. Millen, L. R. 6 Ch., 132; Pyrke v. Waddingham, 17 Eng. L. & E. I., 534.

PRYOR, O'NEAL & PRYOR FOR APPELLEE.

1. The trust created in the deed of trust under consideration was merely a naked trust in the trustee, with power to sell and dispose of the property, and was executed merely for the purpose of vesting an estate in fee simple in first party, Martha Quigley. The trust is one without any limitation or restriction whatsoever; there are no estates for life, remainder, or any shifting estate whatever created by it, and the equitable title is in Martha Quigley Monroe, and she and her husband having joined in the deed to Fetter along with the trustee, he received a perfect title. Beauley v. Curtis, 92 Ky., 506; Kartwright v.

Storminger, 49 Hun. N. Y., 294; Stockbridge v. Stockbridge, 99 Mass., 244.

2. The trust is an executory one and without any limitation whatsoever, and the trustee, so long as she complied with the terms of the instrument, can sell and reinvest as often as she can get a purchaser, and make each time a perfectly good and marketable title. The purpose at the time the instrument was drawn was not to in any way lessen the power or rights of Martha A. Quigley in or to the property, but to secure it to her absolutely free from the debts or control of others.

3. In the case of Fritsch v. Klausing, 11 Ky. L. Rept., 788, relied upon by counsel for appellant, there was an express provision that the trustee or the purchaser of the trust property was to look to the application of the trust funds, and in that case the life estate merely was vested in the *cestui que trust*, with remainder to her children. An examination of that case will disclose at a glance that it can have no bearing upon this, there being a statute in this State which expressly provides that a purchaser in good faith for value from a fiduciary or trustee shall not be bound to look to the application of proceeds of sale. Section 4707, Kentucky Statutes.

JUDGE DU RELLE DELIVERED THE OPINION OF THE COURT.

This is an agreed case, in which appellee seeks the specific enforcement of a written contract of appellant to purchase a lot of land in Louisville, appellee having in the same contract covenanted to convey a "valid marketable title in fee simple." The question for decision is whether appellee has the title which he covenanted to convey.

Appellee obtained his title to the property by deed of the 6th of January, 1893, from Fanny E. Quigley, as trustee of Martha Quigley Monroe, the *cestui que trust*, and A. Leight Monroe, her husband, joining in the deed.

It appears that in September, 1879, a deed of trust and antenuptial contract was entered into between Martha P. H. Quigley (now Martha Quigley Monroe), of the first part, A. Leight Monroe, her intended husband, of the second part, and

Fanny E. Quigley of third part, whereby the certain prop-
erty and choses in action were conveyed to Fanny E. Quig-
ley as trustee for the benefit of Martha P. H. Quigley, Monroe
joining in the instrument for the purpose of consenting to the
trust thereby created, and of waiving his marital rights.

The instrument contains the following provisions: "But
this conveyance is in trust for the following uses and purposes
and none other, to-wit:   That the said third party will hold
the said property herein conveyed as trustee and in trust, for
the sole and separate use and benefit of said first party, and
as a separate estate, to be free from the control, use or
engagement of said intended husband or any future husband
she may have. And said trustee shall pay over to said first party,
for her separate use and benefit, the entire income derived
from said property as the same is received and collected by
said trustee; but neither said trustee nor said first party
shall have any power to anticipate, mortgage or encumber the
same; and express power is hereby given to said trustee to
sell, convey and assign over said property, or any part thereof,
and to pass a good title to the purchaser for purpose of re-
investment only upon the written request of said first and
second parties; but neither the trustee nor said first party
shall have any power to mortgage or encumber the same.
And the proceeds of any such sale shall be held on the same
trusts as herein created, as shall likewise any property
purchased therewith.   And express power is hereby given and
created in said first party to dispose of said property, as well
as any estate, real or personal, purchased with proceeds
thereof, by last will and testament as fully as if she were an
unmarried woman."

On the 19th of April, 1888, the trustee, with funds derived from the estate of Eva Quigley (the interest in which belonging to Martha P. H. Quigley was embraced by the deed of trust), purchased the lot of land in question from J. M. Fetter and wife, who were then the owners of the fee simple title therein, and the vendors conveyed the same, to be held "upon the same terms, conditions and restrictions as set forth in the antenuptial contract," which conditions, as hereinbefore set out, are quoted in full in the conveyance.

The trial court rendered judgment for the specific performance of the contract of sale

Appellant in objecting to this judgment relies chiefly upon Fritsch v. Klausing, 11 Ky. Law Rep., 788, as holding that the power of re-investment given by the deed of trust once having been exercised is exhausted, and can not be again exercised as to the property in which the re-investment was made. In that case, however, the decision was expressly based upon the requirement in the deed that the purchaser should look to the re-investment, the court saying: "He (the grantor) does not mean to vest in the husband and wife the power to sell and make another investment requiring the next purchaser to look to the investment. The restriction placed upon the purchaser or his title by the father's deed evidences a plain intent that the power shall not be further exercised, but has said to his daughter, 'You may sell this land and invest the proceeds in other land, but if you do so, the purchaser must see that the investment is made or he acquires no title'—that is, as far as the power extends, and such was the purpose of the grantor."

In that case the married woman had only a life estate.

In the case at bar the married woman had the entire bene-
ficial estate in the property, with no provision that the pur-
chaser should see to the re-investment of proceeds in case
of sale.

The statute provides that the purchaser shall not be re-
quired to look to the application of the purchase money un-
less so provided in the instrument. (Kentucky Statute, sec-
tions 4707, 4846.)

The trustee has no interest in the property. She has a
mere naked power of sale. After the death of the *cestui que*
*trust* the title would go by the statute of descents except
as to the curtesy of the husband by him renounced.    There
is no remainder interest to be protected.    The whole intent
of the deed of trust was to make the property separate es-
tate in the married woman, and to free it from all control or
claims by the husband, with the power to sell and re-invest
for the benefit of the *cestui que trust* upon request by her
and her husband.    It is provided that "the proceeds of any
such sale shall be held under the same trust as herein created,
as shall likewise any property purchased therewith."    *    *

When the evident purpose of this instrument is considered,
namely, to secure to the beneficiary her property as separate
estate, in order that she might receive the income therefrom
for her livelihood, we must conclude that the power of sale
and re-investment was given in order that the property in
which her estate was invested should be productive of in-
come; and the provision that the proceeds of sale, as well as
any property purchased therewith, should be held "under
the same trust as herein created," must be held to continue
the power of sale and re-investment so as to keep the trust

estate productive.   We conclude, therefore, that the deed to appellee passed a valid fee simple title, and if it was a valid fee simple title it was, in our judgment, marketable.

Wherefore, the judgment is affirmed.