CASE 92.—ACTION BY ARCH DICKERSON AGAINST THE EASTERN KENTUCKY LUMBER CO.—May 14, 1909.

## Dickerson v. Eastern Ky Lumber Co.

Appeal from Carter Circuit Court.

J. B. HANNAH, Circuit Judge.

Judgment for defendant, plaintiff appeals.—Reversed.

1. Master and Servant—Injuries to Servant—Petition—Failure to Warn—Cause of Injury.—Where in an action for injuries to a servant, the negligence charged is a failure to warn him of danger, the petition must also aver that the injuries were caused thereby.

2. Master and Servant—Injuries to Servant—Issues and Proof—Safe Place to Work.—The principle that an employe suing for injuries based on failure to provide a safe place to work can not recover on showing that he was injured by failure to furnish safe appliances does not apply where the appliances and the place are so inseparably connected that a defect in one necessarily renders the other unsafe.

3. Master and Servant—Injuries to Servant—Safe Place to Work—Question for Jury.—In an action for injuries to an employe, evidence held to present a question for the jury as to whether he was furnished a reasonably safe place to work.

### ON REHEARING OCTOBER 13, 1909.

4. New Trial—Time for Application—Extension.—Though under Civ. Code Prac. Sec. 342, providing that the application for a new trial must be made at the term in which the verdict is rendered, and shall be within three days after the verdict is rendered, unless unavoidably prevented, the time for filing motion and grounds for new trial may not be extended beyond the term, yet an extension in terms till a time beyond the term, being made because the party was unavoidably prevented from filing the motion within three days, is good for the balance of the term.

5. Appeal and Error—Presumption.—Though the record does not show on what the trial court acted in extending time for filing motion for new trial, yet, in the absence of anything in the record to the contrary, it will be presumed the extension was because the party was unavoidably prevented from filing the motion within the three days after the rendering of the verdict, in which case it was authorized by Civ. Code Prac. Sec. 342.

ARMSTRONG & DUVALL for appellant.

E. B. WILHOIT and THEOBALD & THEOBALD for appellee.

OPINION OF THE COURT BY WM. ROGERS CLAY, COM MISSIONER.—Reversing.

Appellant, Arch Dickerson, instituted this action against appellee, Eastern Kentucky Lumber Company, to recover damages for personal injuries sustained by him while in the employ of said company at its sawmill in Carter county, Ky. At the conclusion of the evidence the court peremptorily instructed the jury to find for the company. To review this ruling this appeal is prosecuted.

At the time of the injury, appellant was working for appellee as a common laborer in getting logs out of the river by hauling them through the water to the foot of an incline or chute, from which point they were carried up the chute to the mill. For the purpose of getting the logs up, a bull wheel had been erected on top of the river bank, near the upper end of the chute or incline. This chute or incline was a wooden structure hollowed out in such a manner that logs could be carried up in it. It extended from the water to the top of the bank. The logs were drawn up by attaching a rope or chain to the wheel, and carrying it down the chute and out into the river, and fastening it to a log. When so fastened, the wheel was set in motion by means of steam power. In this

way the rope was wound up, and the log brought from out in the river to the foot of the chute, and up the chute to the top of the river bank. On leaving the chute at its lower end, the rope or chain would be carried up or down the river, wherever the log was, and attached to the log. In order that the log could be brought up to the foot of the chute it was necessary to hold the rope in place near the foot of the chute, and, to accomplish this, appellee's superintendent placed a piece of timber in a groove on the platform at the foot of the chute, so that the rope ran around the timber and against it from the foot of the chute in a straight line to wherever the log was located in the water. The superintendent first held this piece of timber while two logs were drawn up the incline in the manner indicated. He then directed appellant to hold the timber. While the appellant was holding it, some six or seven logs were passed up the incline. While he was holding it for the next log, the rope slipped over the timber, struck appellant in the breast, and injured him. There was evidence that the only place where appellant could stand was at the point where he was located; that on the other side of the timber there was nothing to stand on, as the timber was placed too near the edge. It is not apparent from the evidence whether the accident occurred by reason of the fact that the log struck a sand bar, or because the man operating the bull wheel put on too much force. Appellant in his petition charged that by the gross negligence of the appellee he was struck by a large rope attached to appellee's machine, and then charged that his injuries were caused by the gross negligence of appellee in failing to furnish him a reasonably safe place in which to work. He further

alleged that appellee knew said place was unsafe and dangerous, or by the exercise of ordinary care could have known of this fact; that appellant did not know of the unsafe and dangerous condition of the place, nor could he have known thereof by the exercise of ordinary care.

Some time after the action was instituted, and before the case went to trial, appellant filed an amended petition, in which he charged that he was inexperienced in the operation of machinery, and that appellee negligently failed to give him any warning of the danger or peril to which he was exposed in the operation of the apparatus employed to guide the logs. So far as the action of the court is concerned in failing to submit the case on the issue of appellee's failure to warn appellant, we are of opinion that the court did not err. The amended petition merely pleaded the inexperience of appellant and a failure on the part of appellee to warn him of the peril to which he was exposed. It did not allege that appellant's injuries were caused by appellee's negligence in failing to warn him. In the case of Crane v. T. J. Congleton & Bro. (Ky.) 116 S. W. 341, the plaintiff was injured by coming in contact with a saw which was operated in defendant's sawmill. After charging negligence in failing to warn plaintiff, plaintiff attempted in an amendment to set up another ground of negligence. In this amendment he charged that the sawyer was a reckless, inexperienced, and incompetent sawyer, and unfit to perform the duties that devolve upon a competent sawyer of a sawmill. In discussing the question whether or not the issue of the incompetency of the sawyer was properly presented, this court said: "But the draughtsman of this amended

petition inadvertently failed to state that the injuries received by the plaintiff were caused by the incompetency or inexperience or recklessness of Morse, and therefore the amended petition was defective; because, however reckless, inexperienced or incompetent the sawyer may have been, unless the injury to the plaintiff was attributable to one or more of these things, he could not maintain an action for damages against the master. To state a cause of action against the master for an injury inflicted by the incompetency of his servant, it must be alleged that the injury complained of was caused or resulted from such incompetency.'' It necessarily follows from the principle above laid down that, where the negligence charged is a failure on the part of the master to warn the servant, the petition or amended petition, as the case may be, must further aver that the plaintiff's injuries were caused by the negligence of the master in failing to warn plaintiff. As the amended petition in this case failed to comply with this requirement, the court did not err in not submitting the case to the jury upon the issue attempted to be made in the amended petition.

But it is insisted by appellant that the court erred in failing to submit the case on the issue made in the original petition; i. e., a failure on the part of appellee to furnish a reasonably safe place for appellant to work. Appellee insists that the action of the trial court in not submitting the case upon this proposition was correct, in view of the fact that, if there was negligence at all upon the part of appellee, it consisted in a failure to furnish reasonably safe appliances, and not in failing to provide a reasonably safe place in which to work. In support of its posi-

tion appellee cites the case of W. A. Gaines & Co.
v. Johnson (Ky.) 38 R. 58, 105 S. W. 381, wherein the
court lays down the rule that, when a pleader specifies
in what the negligence consists, he is bound by his
specifications, and can not introduce evidence support-
ing other elements of negligence outside of those par-
ticularly relied on. And in discussing the rule so an-
nounced the court uses the following language: ''The
duty of warning and instruction is entirely distinct
from and independent of the duty of furnishing rea-
sonably safe premises and appliances; as much so as
the duty of furnishing reasonably safe premises is
distinct from the duty of furnishing reasonably safe
appliances. In other words, under an averment that
the premises were unsafe, a recovery could not be
had upon a showing that the appliances were unsafe,
any more than a recovery could be had for the failure
to warn and instruct upon evidence showing that the
injury was caused by defective premises.'' We see
no reason to depart from the principle above an-
nounced; nor do we think it necessary to do so in or-
der to hold that this case should have gone to the jury.
The principle announced applies to those cases where
the appliances and the place are not so inseparably
connected that a defect in one necessarily renders the
other unsafe. For instance, if a plaintiff bases his
right to recovery on defective appliances, he can not
recover by showing that he stepped into a hole in the
floor that was improperly covered. On the other
hand, if he charges that the premises were not rea-
sonably safe, he can not recover for defective appli-
ances where their location or operation had nothing
whatever to do with rendering the place unsafe. In
the case before us, however, the natural conditions

of the platform were reasonably safe except from the danger incident to the use of the appliances which appellee had improvised for the purpose of raising the logs.   Furthermore, there is evidence to the effect that, notwithstanding the defective appliance, if a place had been provided wherein appellant could have stood on the other side of the rope, the rope would not have struck him, but would have passed off in an opposite direction from where he stood. Under these circumstances, there was evidence tending to show that the place was not reasonably safe for the purposes for which it was being used.   In other words, the use of the appliance alleged to have been defective made the place itself dangerous and unsafe.

The facts of this case bring it within the rule laid down in Owensboro Brick & Sewer Pipe Co. v. Glenn, By, &c. (Ky.) 106 S. W. 1195, wherein this court said: "The negligence of the master (assuming it to be such) was in so arranging the machinery and its manner of operation that the slightest accident might endanger the employe's life."   Following this rule, we are of opinion that the case should have gone to the jury on the question whether or not appellee furnished appellant a reasonably safe place in which to work.

Judgment reversed, and cause remanded for a new trial consistent with this opinion.

On rehearing October 13, 1909:

On June 6, 1908, the day the verdict was returned and judgment was entered thereon, the trial court on motion of plaintiff below entered an order giving plaintiff until the 3d day of the next October term, 1908, to prepare and file his motion and grounds for

new trial. This order was entered without objection on the part of defendant. On June 15, 1908, and during the same term, plaintiff filed his motion and grounds for new trial without objection by defendant. During the same term the motion was overruled and an appeal granted.

On the original hearing of this case the point was made by appellee that this court was without authority to consider the evidence because the motion and grounds for a new trial were not filed within the time prescribed by the Code. In our former opinion we failed to consider this point, though it was passed upon by the court. It is now relied upon by appellee as a reason for granting its petition for rehearing. Under section 342, Civil Code Practice, the trial court could not extend the time for filing motion and grounds for new trial beyond the term in which the verdict was rendered. The order of extension then did not give plaintiff the right to file the motion and grounds after the June term. Inasmuch, however, as the court was authorized by the section in question to extend the time for filing beyond three days, if the plaintiff was unavoidably prevented from doing so before that time, the order extending the time was good for the remainder of the term, if made for the reasons indicated. The record does not show upon what the trial court acted. But having authority to act, it will be presumed, in the absence of anything in the record to the contrary, that he granted the extension of time because it was made to appear that plaintiff was unavoidably prevented from filing the motion within three days. As the order of extension was valid for the remainder of the term and as the application for a new trial was made during that term, we

are of the opinion that the motion and grounds were filed in time. That being the case, this court had the right to consider the evidence.

Petition for rehearing overruled.