## United Iron Works Company v. Bowling.

(Decided May 9, 1913.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

1. Master and Servant—Personal Injuries—Damages—Negligence—Evidence.—Where an employe, while at work for the master in adjusting timbers at the bottom of a refrigerator tank, was injured by the gross negligence of the latter's superintendent of the work, in permitting one of the timbers to fall upon him from the top of the tank, a verdict awarding him damages will not be set aside on the ground that the superintendent and one other witness, introduced for the master, testified that the former was not guilty of such negligence and only the injured employe testified that he was. It being the province of the jury to pass upon the facts, they had the right to accept the testimony of the injured employe instead of that of the two witnesses introduced for the master.

2. Master and Servant—What Did Not Constitute Superintendent a Fellow Servant.—The fact that the superintendent was temporarily performing the work of another servant of the master assisting the injured employe, did not make the superintendent a fellow servant of the latter. Although temporarily filling the place of the assistant, whom he had allowed an hour from work to attend to private business, the superintendent, according to the evidence, continued to direct the injured employe in his work and remained his superior, consequently there was no error in the trial court's

refusal of the instruction which would have submitted to the jury the question whether they were fellow servants.

3.  Master and Servant—Assumed Risk—Refusal of Instruction as to.—There was no error in the refusal of an instruction as to the assumption of risk, as the injured employe was, when injured, working in a place where he could not know what was going on above him, he could not perform his duties and at the same time see to the lowering of the timbers from above. Therefore he had to trust the man above to do that work properly and to take it for granted that he would use ordinary care in its performance. Especially was this true, where the man above was his superintendent and directing the work.

DUFFIN, SAPINSKY & DUFFIN for appellant.

JOHN C. STROTHER and STROTHER & HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

Appellee recovered in this action in the court below a verdict and judgment against appellant for $540, in damages, for an injury to his person alleged to have been caused by the gross negligence of its servant, appellee's superior. Appellant complains of the recovery, hence this appeal.

When injured appellee was at work in a refrigerator tank in process of construction for use in the Henry Watterson Hotel, Louisville. He was in the bottom of the tank adjusting to their proper places timbers of considerable size and weight, which were lowered to him from the top of the tank, three or four feet above him. The space in which appellee labored was so limited that he had to remain in a stooping position in performing his work. While in this situation appellant's foreman, Royce, who was directing appellee and one Koch in the work of constructing the tank, and was temporarily performing some of the duties of Koch, whom he had excused for an hour to attend some outside matter, let one of the timbers he was attempting to lower into the tank, fall to the bottom, which struck and badly injured one of appellee's legs.

It is claimed by appellee that Royce was grossly negligent in thus allowing the timber to fall upon him, and such was the evidence in his behalf, furnished by his testimony alone. On the other hand, Royce, and another employe of appellant, who was present, testified that the falling of the timber was not caused by Royce's negli-

gence, but was accidental and could not have been prevented by the exercise of ordinary care on his part. This evidence all went to the jury and they had the right to accept appellee's testimony, though unsupported by any other witness, instead of that of appellant's two witnesses. This they did and no reason is apparent for disturbing the verdict, therefore, there is no merit in appellant's complaint that the trial court erred in refusing the peremptory instruction asked by it.

It is insisted for appellant that its foreman, Royce, in performing the duties of Koch, was with respect to appellee, a fellow servant, hence if appellee's injury was caused by his negligence, he should not have been permitted to recover; furthermore, that the trial court erred in refusing an instruction offered by it, which would have left it to the jury to determine whether Royce was a fellow servant.

The refusal of this instruction was not error, for there was no evidence upon which to base it. We have repeatedly held that where the servant, superior in authority to the one injured, by his gross negligence causes the injury of the latter, the fact that at the time of the injury he is temporarily engaged in the same kind of service or character of work with the injured servant, does not make them fellow servants.

In I. C. R. R. Co. v. Coleman, 22 R., 878, we held that where a yard master and a laborer in the employ of the railroad company were engaged in manual labor on a lever, and the laborer was injured through the gross negligence of the yard master, the doctrine of fellow servant did not apply and the railroad company was liable for the injury. Board v. C. & O. Ry. Co., 24 R., 1079. The authorities relied on by appellant's counsel are not in conflict with these cases, and one of them, Ashland Coal & Iron Co. v. Wallace, 101 Ky., 26, is discussed in I. C. R. R. Co. v. Coleman, supra, and its dissimilarity to the latter case shown. In the Wallace case there was a contrariety of evidence as to the authority of Mayberry, the alleged superior, through whose negligence it was claimed the plaintiff was injured, hence it was held that the question of authority was properly submitted to the jury. In the Coleman case there was no such conflict in the evidence and the same is true of the instant case. Although Royce temporarily performed some of the duties of Koch, his authority as appellant's

superintendent was not laid aside. He continued to direct appellee in his work and remained his superior.

There was no error in the court's refusal of the instruction on the question of assumption of risk. Such an instruction was not authorized by the evidence. In the nature of the case there could have been no assumption of risk. Appellee was working in a place where he could not see what was going on about him; he could not perform his duties and at the same time see to the lowering of the timbers from above. Necessarily, he had to trust the man above him to do that properly, and to take it for granted that he would use ordinary care in its performance. Especially was this true when the man above was his superintendent and directing him in his work.

The instructions of the court correctly gave the jury all the law of the case.

The record is free of reversible error; therefore, the judgment is affirmed.