## Ohio Valley Coal & Mining Company v. Heine.

(Decided June 19, 1914.)

### Appeal from Union Circuit Court.

1. Master and Servant—Injury to Servant—Assumption of Risk—Negligence of Master.—A servant does not ordinarily assume the risk of injury growing out of the master's negligence unless the danger is known to him or is obvious to a person of ordinary prudence.

2. Pleading—General Allegation of Negligence—Failure to Furnish Safe Place or Safe Appliances—Necessity for Pleading.—While negligence may be pleaded in general terms, no recovery thereunder can be had for a failure on the part of the master to use ordinary care to furnish the servant a reasonably safe place to work or reasonably safe appliances for work. Where a recovery is sought on these grounds they must be specially pleaded.

3. Pleading—Failure to Allege Unsafe Appliances—Waiver.—Where plaintiff pleads negligence in general terms, and does not allege unsafe appliances as a ground for recovery, defendant does not waive his right to rely on an error of the court in authorizing a recovery for unsafe appliances by failing to object to evidence heard on that point which is competent on the question of contributory negligence, where defendant not only makes a motion to make the allegations more specific, but at the conclusion of the evidence moves to exclude the evidence from the consideration of the jury, and also objects to an instruction authorizing a recovery on that ground.

4. Master and Servant—Fellow Servants—Negligence of Superior.—In an action for injuries not resulting in death, a servant cannot recover for the negligence of a superior servant, unless the negligence be gross.

MORTON & MORTON and DRURY & DRURY for appellant.

P. H. WINSTON and ALLEN & MILLER for appellee.

OPINION OF THE COURT BY WILLIAM ROGERS CLAY, COMMISSIONER—Reversing.

In this action for damages for personal injury, plaintiff, Chris Heine, recovered a verdict and judgment for $1,200 against defendant, Ohio Valley Coal & Mining Company. Defendant appeals.

On the bank of the Ohio River the defendant has a tipple and a drum and other appliances for unloading its coal cars. The drum is 12 feet long, 3 feet in diameter and 14½ feet from the ground. Around the drum is wound a ⅝ inch steel wire rope, with a hook in each end.

There are two tracks leading from the tipple to the river. The knuckle is at the top of the river bank, and the distance from that point to the river varies with the stage of the water. The incline is quite steep, there being a drop of one foot in three. Each of the cars used in carrying coal weighs about 2½ tons. They carry about six tons of coal. One end of the steel wire rope is attached to a loaded car and the other to an empty car on the other track. As the loaded car descends, the empty car ascends. When the empty car reaches the knuckle and gets on level track its speed is relaxed, and the loaded car having come to a stop at the end of the incline there is a slack in the tension of the cable, thus enabling one of defendant's employes to detach the hook from the empty car.

The accident to plaintiff happened on June 7, 1912. Plaintiff had no regular work, but was what is known as a "rouster;" that is, he did whatever work he was told to do. On the day of the accident he was directed to detach the hook from the empty cars. For that purpose he was standing about 20 feet from the knuckle. In that position he could not see the ascending car. When the car which injured him reached the knuckle it was going very rapidly, and jumped the track. He endeavored to get out of the way, but failed to do so. The car ran over him and broke both legs and otherwise injured him. There was some evidence tending to show that the appliances were defective, or at least were not properly adjusted for the purposes for which they were being used, and also that the car itself was negligently operated on the occasion of the injury. The evidence for plaintiff is also supplemented by that of defendant's foreman, McCoy, who says that the car was going too fast at the time of the accident. This was due to that fact that he put oil on the brake.

(1) While there is proof to the effect that plaintiff knew of the defective condition of the appliances, if they were defective, and of the further fact that brakes had been oiled, yet these facts alone are not sufficient to justify the conclusion that he assumed the risk of injury. The servant does not ordinarily assume the risk of injury growing out of the master's negligence unless the danger is known to him or is obvious to a person or ordinary prudence. In this case we cannot say as a matter of law that he was charged with notice of the fact that the car would probably jump the track and injure him because

of the defective appliances or because the brakes had been oiled. It, therefore, follows that the peremptory instruction asked by the defendant was properly refused. (2) Plaintiff's petition merely charges that plaintiff was injured by the negligence of defendant, its agents and servants superior in authority to plaintiff, in running the car over plaintiff. In other words, the petition charges negligence in general terms. These allegations were sufficient. Childs v. Drake, 2 Metc., 146; W. A. Gaines & Co. v. Johnson, 32 Ky. L. R., 58; L. & N. R. R. Co. v. Stewart's Admr., 156 Ky., 554. Under these allegations plaintiff could recover for the gross negligence of defendant's servants superior in authority to him in operating the car. On the other hand, it is well settled that general allegations of negligence are not sufficient to authorize a recovery for a failure on the part of the master to use ordinary care to furnish the servant a reasonably safe place to work, or reasonably safe appliances. L. & N. R. R. Co. v. Irby, 141 Ky., 145; Monroe v. Standard Mfg. Co., 141 Ky., 549.

Where a recovery is sought on these grounds, they should be pleaded. Plaintiff, while recognizing this rule, insists that it applies only to a case where the appliances are those with which the injured servant himself works. The rule, however, is not subject to such an exception. Certainly the master's duty is the same, whether the defective appliances are used by the injured employe or by another employe, if, as a matter of fact, the defective condition of the appliances is the proximate cause of the employe's injuries. That being true, there is no reasonable ground for any distinction. Too many distinctions lead to confusion and uncertainty in the law, and it is better that this natural tendency should be checked rather than encouraged, especially in those cases where there is no substantial ground for the distinction sought to be made. Plaintiff contends that notwithstanding the fact that the petition did not rely on unsafe appliances, evidence on this question was heard without objection, and the case submitted to the jury, and therefore defendant cannot complain of the admission of the evidence or the instruction based on it. Lexington & Eastern R. Co., &c. v. Fields, 152 Ky., 19. That rule, however, has no application to the facts of this case. Here the defendant first made a motion to require the plaintiff to make his petition more specific. This motion was overruled. The evidence complained of was then heard.

Under the rule announced in L. & N. R. R. Co. v. Irby, *supra,* this evidence was competent on the question of contributory negligence. Furthermore, defendant, at the conclusion of the evidence, asked the court to exclude all the evidence bearing on the question of unsafe appliances. This motion was overruled. The defendant then objected and excepted to all the instructions given by the court. Under these circumstances, defendant did all that it reasonably could to save the question, and it cannot be said that it waived its right to rely on the error of the court in authorizing a recovery for unsafe appliances, when that ground was not relied on in the petition.

(3)   The court also erred in authorizing a recovery for the ordinary negligence of defendant's agents superior in authority to plaintiff. Death not having resulted, he could only recover for gross negligence on their part. C. & O. Ry. Co. v. Laney, 154 Ky., 38; United Iron Works Co. v. Bowling, 153 Ky., 683; Milton's Admr. v. Frankfort & Versailles Traction Co., &c., 139 Ky., 57.

Judgment reversed and cause remanded for proceedings consistent with this opinion.