## C. R. Lutz's Administrator v. W. J. Hughes & Sons Company.

(Decided February 4, 1930.)

M. JOSEPH SCHMITT for appellant.

TRABUE, DOOLAN, HELM & HELM and HARRIS COLEMAN for appellee.

OPINION OF THE COURT BY JUDGE LOGAN—Affirming.

The administrator of the estate of Charles R. Lutz filed a petition in the Jefferson circuit court in which it was alleged that appellee was the owner of an automobile which was especially kept for the uses and convenience of his decedent, an employee of appellee. It is alleged that appellee kept the automobile subject to the disposal of the decedent with a chauffeur furnished by appellee at all times both for his personal use, or use in the business of appellee, and that appellee looked after and supervised the necessary repairs and upkeep of the automobile. It is then alleged:

"And this plaintiff states that on the 14th day of June, 1927, his decedent, while in his customary and usual use of said car, and while said automobile was being driven by the chauffeur and agent of the said defendant company herein, fell from said automobile and so injured himself that he soon thereafter died from said injuries.

"Plaintiff states that the injuries and death of his said decedent was caused by the negligence and carelessness of the defendant company and its agents in charge of said automobile in failing to keep same in a fit, proper and safe condition for use; that at the time this defendant by its agent in charge of said automobile undertook the transportation of the said decedent, said automobile was not in a fit, proper and safe condition for use, and that said defendant

and its agents in charge of said automobile knew of its unfit and unsafe condition, or could have known same by the use of ordinary care; that his decedent did not know of said unfit and unsafe condition, nor could he have known same by the use of ordinary care; and that the injuries and death of his decedent, Charles R. Lutz, were brought about and was the direct result of the negligence and carelessness of the defendant company as above set forth, and by which his estate has been damaged in the sum of twenty thousand dollars.''

A demurrer was sustained to the petition and appellant has prosecuted this appeal.

As it was alleged in the petition that the automobile was kept both for the private use of the decedent as well as for his use in carrying on the business of appellant, and as there is no allegation that the automobile was in use on business of appellant at the time of the injury, under the general rules governing pleadings it must be assumed that the injury occurred when the automobile was used by decedent on his private business or pleasure. It is the general rule that an employee may not recover against the owner for an accident growing out of the negligent operation of an automobile by an agent unless, at the time of the accident, the automobile was operated on the business of the owner. It must appear that at the time of the accident the employee was the agent of the owner acting within the scope of his authority. Louisville Lozier Co. v. Sallee, 167 Ky. 499, 180 S. W. 841; Saunders' Ex'rs v. Armour & Co., 220 Ky. 719, 295 S. W. 1014; Winslow v. Everson, 221 Ky. 430, 298 S. W. 1084; Bowen v. Grandison Construction Co., 224 Ky. 427, 6 S. W. (2d) 481.

But the basis of the complaint is not such as to bring it within the rules announced in the cases cited. If it had only been alleged that appellee kept an automobile for the use of decedent in connection with its business, the cases would be in point; but it is alleged that the automobile was furnished presumably as a gratuity to decedent for his use in his private business, or pleasure. It is also alleged that the appellee kept the automobile in repair for such use. The question to be determined is whether the furnishing of an automobile to an employee as a gratuity for his private use renders the owner of

the automobile liable for damages occasioned the employee if the automobile was in such defective condition at the time it was furnished as to cause the injuries complained of, and that such defects at the time were known to the owner or could have been known by the exercise of ordinary care, and not known to the employee and could not have been known by the exercise of ordinary care.

The petition nowhere alleged wherein appellee failed to keep the automobile in proper repair, or the nature of the defects which it is alleged caused the injury. A general allegation of negligence will not authorize recovery by a servant for the failure of the master to use care to furnish a safe place to work, or safe appliances. Ohio Valley Coal & Mining Company v. Heine, 159 Ky. 586, 167 S. W. 873. The petition was defective, and the demurrer should have been sustained because there is no allegation, other than a conclusion of the pleader, showing that there was any defect in the automobile at the time it was furnished to decedent. It may be, although we do not decide the question, that if appellee furnished an automobile to the decedent for his private use when it knew that it was in such a defective condition that injury would probably result to decedent from the use of it, it could be made to respond in damages if the decedent was unaware of such defective condition at the time he accepted the automobile; but certainly a recovery could not be had on the allegation that appellee could have known of the defective condition of the automobile by the exercise of ordinary care. In the case of Peaslee-Gaulbert v. McMath's Adm'r, 148 Ky. 265, 146 S. W. 770, 774, 39 L. R. A. (N. S.) 464, Ann. Cas. 1913E, 392, the court said:

> "But the dealer who purchases and sells an article in common and general use in the usual course of trade and business, without knowledge of its dangerous qualities, is not under a duty to exercise ordinary care to discover whether it is dangerous or not. He may take it as he finds it on the market. He is not required to investigate its qualities or endeavor to ascertain whether it is dangerous, for the use intended before he can absolve himself from liability in the event injury results from its use."

Reasoning by analogy, the court is of the opinion that when the owner of an automobile furnishes it to another for his gratuitous use, the owner cannot be held responsible for damages that may be caused the user by the defective condition of the automobile when the owner did not know of such defective condition at the time he turned the car over to the user, and, in the exercise of reasonable judgment, the owner could have foreseen the probable injury to the user by his operating the car.

In the case of Payton's Adm'r v. Childers' Electric Co. et al., 228 Ky. 44, 14 S. W. (2d) 208, the court had under consideration the question of whether the manufacturer or installer of a dangerous instrumentality could be held responsible for the negligence in the manufacturing or installation of such instrumentality. It was there held that if the manufacturer, or installer, knew of the defective condition of the instrumentality or the defective manner of its installation, the manufacturer, or installer, might be held responsible if the defects were known, or by the exercise of ordinary care could have been known. That case is different from the one under consideration. The owner who furnished the car to Lutz was not the manufacturer, and therefore was not responsible for any defects in the automobile caused by the manufacturing of it in an improper way. If a retailer who receives from a wholesaler merchandise for sale to the public can only be held responsible when he knows that the article which he sells is dangerous, there is a stronger reason for holding that the owner of an automobile who obtained it from the manufacturer should not be held to any stricter accountability when he allows the use of the automobile as a gratuity.

It was also held in the case last cited that a general allegation of negligence was sufficient, but an examination of the allegations in the petition and amended petitions shows that the nature of the defective installation of the equipment and the defective method of manufacturing it were fully set out. In the case before us there is no allegation stating the nature of the defect in the automobile even in general terms.

Judgment affirmed.