## Kelly & Shields v. Miller.

(Decided December 19, 1930.)

GEORGE E. SAUFLEY and CRAFT & STANFILL for appellants.

ROY HELM and C. W. NAPIER for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

Appellants, J. S. Kelly and P. R. Shields, partners, doing business under the firm name of Kelly & Shields, as subcontractors were engaged during the month of May, 1928, in the placing of asphalt on the concrete base of a highway constructed under the supervision of the state highway commission in Perry county. Part of the road was within the corporate limits of the city of Hazard.

On May 30, 1928, the appellee, Jerry Miller, who was employed by the appellants as a laborer, and who, with a number of other men, was engaged in spreading asphalt which had been dumped in piles on the concrete, was struck by an automobile owned by the Baker Grocery Company, and which was driven by Guy Jennings, an employee of the grocery company. Appellants were employing the requisite number of men to bring them within the provisions of the Workmen's Compensation Act, but they had not elected to operate under that act, and consequently the common-law defenses of assumed risk, negligence of fellow servant, and contributory negligence of the injured party were not available to them. Kentucky Statutes, sec. 4960; West Kentucky Coal Co. v. Shoulders' Adm'r, 234 Ky. 427, 28 S. W. (2d) 479. The accident, which resulted in serious injuries to appellee, occurred on a curve of the road and within the corporate limits of the city of Hazard. Appellee was working on the right side of the road going north and at a point where the road curved to the right. The automobile driven by Jennings was traveling north. Appellee brought this action against the appellants in the Perry circuit court to recover the sum of $20,512.50, of which $512.50 was for medical and hospital bills incurred by him and loss of time. He recovered judgment for $3,512.50.

On this appeal the appellants rely upon the following grounds for a reversal of the judgment: (1) There was no evidence tending to show any negligence on the part of the appellants, and they were entitled to a

directed verdict in their favor; (2) the petition was defective, and the demurrer thereto should have been sustained; (3) the instructions are erroneous; and (4) the verdict is excessive.

It was appellee's theory that the appellants failed to furnish him a reasonably safe place in which to work, and it is argued in appellants' behalf that there is no evidence tending to show they were guilty of any negligence in this respect. The concrete highway upon which the asphalt was being spread was not closed, but was being used by a large number of automobiles. Vehicles traveling on the highway were supposed to leave the concrete at the point where the men were spreading the asphalt and where the asphalt was piled on the road and proceed around that section of the concrete. At the time he was injured, appellee was working on the inside of the curve of the road, and was facing north. A number of witnesses were introduced by the appellee who testified that appellants had placed no signs or flags south of the place where their men were working notifying the traveling public that the road was under construction and men were working ahead. Jennings, the driver of the truck, testified there were no such signs as he approached the curve going north, and that, when he saw the piles of asphalt and the appellee, he was within a few feet of the latter and unable to bring his car to a stop before striking him. He admitted that he saw two boys in the road a short distance south of Miller waiving brooms, but he thought they wanted to ride, and did not check the speed of his truck. It is admitted that these two boys, who were sweeping the concrete ahead of the workmen who were spreading the asphalt, had been instructed by the foreman in charge of the work to stop all automobiles and warn the drivers of the conditions ahead. According to some of the witnesses, these boys at the time of the accident were 15 or 20 feet south of Miller, and according to others they were as much as 75 or 80 feet away. Appellants insist that the evidence conclusively shows there was a red flag and also a large sign warning the traveling public of the conditions ahead on the road several hundred feet south of the scene of the accident, and that there was no evidence to the contrary, and that therefore apellants had used reasonable precautions to render safe the place where appellee was working. However, the appellee. Evert Bentley, Lodell Caudill, Wane Sizemore, and Guy Jennings testified

positively that there were no flags or signs south of the point where the men were working. Two or three witnesses testified as to the presence of a flag and sign south of that point, but there was a conflict in the evidence, and the question was one for the jury. /

Whether placing the two boys south of the point where the work was being done with instructions to stop all vehicles going north was a reasonable precaution to render the place of work safe was, under the circumstances, a question for the jury. These boys were engaged in sweeping the concrete, and, according to some of the evidence, were only a few feet from the men who were spreading the asphalt, and the jury might reasonably conclude under these circumstances that, even though the boys did attempt to stop Jennings, the means taken were not sufficient. The place at which appellee was injured, without the presence of flags, signs, or other means customarily used to warn the traveling public of conditions ahead was inherently dangerous to workmen on the highway, and it was the duty of appellants to use reasonable precautions to render the place safe for its workmen. The evidence was sufficient to take the case to the jury on the question as to whether or not the means employed were reasonably sufficient for that purpose, and the court did not err in overruling appellants' motion for a directed verdict.

Appellants further insist, however, that their motion for a directed verdict should have been sustained, even conceding that they were negligent in failing to use reasonable precautions to render safe the place where appellee was working, because the negligence of the driver of the truck, and not appellants' negligence, was the proximate cause of appellee's injuries. The rule is well established that the burden is on the plaintiff to show that his injury was the proximate result of some negligence on the part of the defendant, and, where there is no room for reasonable inference that the proven negligence had any causal connection with the alleged injury, there is no evidence of proximate cause upon which the jury could base a verdict. Gatliff Coal Company v. Sumner, 196 Ky. 592, 245 S. W. 144. However, it is equally well established that negligence of the defendant need not be the sole cause of an injury to render him liable. Acts of negligence by two parties may jointly and concurrently be the proximate cause of an injury.

Sydnor v. Arnold, 122 Ky. 557, 92 S. W. 289, 28 Ky. Law Rep. 1250.

It is claimed that the case of Noonan v. Sheridan, 230 Ky. 162, 18 S. W. (2d) 976, in which a peremptory instruction was directed, presents facts analogous to the facts in this case, but in the Noonan case it was held that the defendant was not liable for the negligent act of a third party which he had no occasion to anticipate or foresee. No negligence was shown there on the part of the defendant. Here the act of the driver of the truck which struck appellee, be it negligent or otherwise, was such an act as appellants were bound to anticipate in the absence of any reasonable means employed to warn the traveling public of the conditions at the point where the accident occurred, and their failure to employ such reasonable means was at least a concurring proximate cause of the accident.

The petition contained the following general allegation of negligence: "That at said time and place the defendants and their agents and employees superior to, in a different department and grade of work from this plaintiff, with gross negligence and carelessness permitted, allowed and caused an automobile truck to be run upon, against and over this plaintiff"—and also this allegation: "Plaintiff says the place where he was put to work by the defendants and where he was working at the time he sustained injuries as aforesaid was unsafe; that defendants knew said place was unsafe or could have known this by the exercise of ordinary care; says that said unsafe condition was wholly unknown to this plaintiff."

Relying on the rule that general allegations of negligence are not sufficient to authorize a recovery for a failure on the part of the master to use ordinary care to furnish the servant a reasonably safe place to work, it is argued that the petition is defective in that it failed to point out in what respects the place was unsafe where appellee was working and that therefore the demurrer to the petition should have been sustained. The cases of Lutz's Adm'r v. W. J. Hughes & Son, 232 Ky. 675, 24 S. W. (2d) 578, and Ohio Valley Coal & Mining Company v. Heine, 159 Ky. 586, 167 S. W. 873, are cited in support of this contention.

In the Lutz case the plaintiff's intestate fell from an automobile owned by his employer and was killed. The decedent's administrator sued the employer, and in his

petition alleged that the automobile was kept both for the private use of the decedent and for his use in carrying on the business of the defendant, and that the injury and death of the decedent was caused by the negligence of the defendant in failing to keep the automobile in a safe condition for use. It was held that, since there was no allegation that the automobile was in use on business of decedent's employer at the time of the injury, it must be assumed under the general rules governing pleadings that the injury occurred when the automobile was used by decedent on his private business, and, since it was not made to appear at the time of the accident the automobile was being operated on the business of the owner, a demurrer to the petition was properly sustained. It is true that further along in this opinion it was said that the petition was defective because there was no allegation, other than a conclusion of the pleader, showing that there was any defect in the automobile at the time it was furnished to the decedent, but this statement in the opinion seems to have been predicated on the idea that the defect was unknown to the owner and he was not responsible for any defects caused by the manufacturing of the automobile in an improper way.

The case of Ohio Valley Coal & Mining Co. v. Heine, supra, relied upon by appellants and cited in the Lutz opinion, only held that a general allegation of negligence will not authorize recovery by a servant for the failure of the master to use care to furnish a safe place to work or safe appliances. The correct rule deducible from the authorities is that, when a person sues the master to recover damages for injuries received by being put to labor in an unsafe place or with defective appliances, he cannot recover under general allegations of negligence, but must allege that the place was unsafe or the appliances defective, and that the master knew, or with the exercise of ordinary care could have known, that the place was unsafe or the appliances defective, and that the servant did not know that the place was unsafe or the appliances were defective. It is not necessary, however, to state the particulars in which the place was unsafe or the appliances defective. Louisville & Nashville Railroad Company v. Irby, 141 Ky. 145, 132 S. W. 393, and cases therein cited; Raikes v. Payne, 198 Ky. 820, 249 S. W. 1020; Louisville & Nashville Railroad Co. v. Greenwell's Adm'r, 155 Ky. 799, 160 S. W. 479; Gaines & Co. v. Johnson, 133 Ky. 507, 105 S. W. 381, 32 Ky. Law Rep.

58; Dickerson v. Eastern Kentucky Lumber Co., 133 Ky. 820, 119 S. W. 222, 121 S. W. 662.

The gravamen of appellee's complaint was that appellants failed to exercise ordinary care to furnish him a reasonably safe place in which to work. His petition set out the place where the accident occurred, the nature of the work at which he was engaged, and that, while so engaged, he was run over and injured by an antomobile truck. The allegations of the petition show that appellee was at work in the course of his employment with appellants and under conditions which required them to use ordinary care to provide him with a safe place to work. The existence of this duty being shown, it is sufficient if a negligent violation thereof is charged in general terms. ƒ

The sole criticism made of the instructions is that they authorized a recovery for the ordinary negligence of appellants' agents, and the contention is made that, death not having resulted, appellee could recover only for gross negligence of appellants' agents superior in authority to him, and the case of Ohio Valley Coal & Mining Company v. Heine, supra, and cases therein cited, are relied on. In those cases recovery was sought under a general allegation of negligence and not under an allegation that the master negligently failed to furnish the employee a safe place to work. The master is under the duty to exercise ordinary care to furnish the servant with a reasonably safe place to work, and, as pointed out in Nugent Sand Company v. Howard, 227 Ky. 91, 11 S. W. (2d) 985, the duty thus imposed is nondelegable, and there is no defense to an action by an injured servant in such cases that the negligence causing the injury was that of a fellow servant, or that the superior servant was not guilty of gross negligence. And, as further pointed out in the opinion in that case, the doctrine contended for has no application to a case such as this, since the appellants by their failure to operate under the Workmen's Compensation Law were deprived of the defense that the injury was caused by the negligence of a fellow servant. ⅰ

It is finally insisted that the verdict is excessive. The evidence shows that appellee suffered serious and permanent injuries. His hip was broken, and he was in a hospital for more than five weeks. For a number of weeks thereafter he was able to walk only with the aid of crutches, and at the time of the trial, which occurred

two years after the accident, he had been unable to work. Clearly, under these facts, the verdict is not excessive.

The judgment is affirmed. '

The whole court sitting. |