## Bright v. Collins.

(Decided October 25, 1918.)

### Appeal from Marion Circuit Court.

1. Master and Servant—Performing Work in Dangerous Way.—An experienced miller in charge of a mill, who elects to do his work in a dangerous way when there is a safe way open to him, and is injured, is without remedy.

2. Trial—Peremptory Instructions.—When all the evidence introduced by the plaintiff, together with all reasonable inferences to be drawn therefrom, is considered and no cause of action is shown, it is the duty of the trial court to sustain a motion of the defendant for peremptory instruction.

S. A. RUSSELL for appellant.

H. S. McELROY for appellee.

Opinion of the Court by Judge Sampson—Affirming.

Bright instituted this action against Collins to recover $10,000.00 damages for personal injury, which it is alleged came to Bright through the gross negligence of Collins. Bright was a miller by trade and had been engaged in that work for more than twenty years at the time of his injury. Collins owns a small corn and flouring mill which is operated by water power, and Bright was the miller in charge of it. Some other men assisted Bright in the work. The mill was so arranged that the corn and wheat were fed into the roller mill from above. On the occasion in question corn was being ground and the spout or pipe which fed the corn into the mill became choked and would not drop the corn into the mill. Bright opened the casing around the rollers of the mill and took a stick and began to push it up in the feed pipe so as to loosen the corn and let it come down. When he did this the corn came down with a sudden and quick flow and knocked his left hand against the rollers and it was caught and severely mashed. The rollers were properly incased within a wooden case, and one could not get his hand into the place where Bright received the injury until he opened a little door or gate in the casing. The mill was equipped with a wheel and pulley by which the water power could be easily and quickly cut off and the mill stopped.

At the conclusion of the evidence for the plaintiff the defendant moved for peremptory instructions, to which plaintiff objected, and the court, on consideration of the motion, sustained it, and instructed the jury to find and return a verdict for the defendant Collins.

We have not been favored with a brief by appellant and, therefore, are not fully acquainted with his contention. In his motion and grounds for a new trial the plaintiff below assigned the following reasons: (1) the court erred to the prejudice of plaintiff's substantial rights in giving to the jury at the conclusion of plaintiff's testimony a peremptory instruction to find for the defendant; (2) the court erred in excluding relevant, material and competent evidence offered on behalf of plaintiff; (3) because the verdict and judgment are not sustained by the facts and are contrary to the law and facts. The bill of exceptions occupies about one-half of a page of typewritten matter, and refers only to the bill of evi-

dence and the motion for peremptory instructions to the jury and the giving thereof. The answer of the defendant contains, (1) a traverse and plea of settlement; (2) discharge of the claim; (3) assumed risk; and, (4) contributory negligence. We need consider only the question of whether the evidence presented by plaintiff below entitled him to have his cause submitted to a jury. We have adopted the rule that, where there is any evidence tending to support plaintiff's contention, it is proper to refuse a peremptory instruction for defendant. Switchmen's Union of N. A. v. Johnson, 105 S. W. 1193; L. & N. R. R. Co. v. Johnson's Admr., 161 Ky. 824. In the case of Mason & Hoge Co. v. Highland, 116 S. W. 320, it is said: "A scintilla of evidence on an issue is sufficient to warrant its submission to the jury." But when all the facts proven by the plaintiff and all reasonable deductions to be drawn therefrom are admitted, the plaintiff has not shown himself entitled to the relief sought, it is the duty of the trial court to sustain a motion for a directed verdict.

The appellee contends that it was contributory negligence on the part of Bright to open the door which enclosed the machinery and put his hand in such position as to allow it to be caught between the rollers and crushed. It is admitted that Bright was thoroughly acquainted with the machinery and premises and was in charge thereof. He was the foreman of the work, and an experienced miller. He knew exactly how the rollers operated, and says he had unchoked the mill many times before. No one directed him how to unchoke the mill on the occasion of his injury. Collins was not present. Bright acted upon his own initiative. In opening the mill and placing his hand where it was subject to be thrown into the rollers and crushed Bright was guilty of contributory negligence, but for which he would not have received his injury.

It might further be said that Bright assumed the ordinary dangers incident to the business of operating the mill when he undertook the employment, and as shown by the evidence the feed pipe in this mill as well as other mills, would sometimes become choked and it was then necessary to unchoke it before the work could proceed. This was one of the ordinary incidents of his employment. The safe way to unchoke the mill was to stop it, which would have occupied very little

time. When the mill was shut down there was absolutely no danger in unchoking it. Bright knew how to close down the mill and also knew that when the rollers ceased to turn there was no danger whatever from unchoking the mill in the manner in which he was attempting to do it. The rule is where there are two ways of performing work, the one dangerous and the other safe, and the servant is familiar with both ways and knowing that one is safe and the other dangerous, elects to do the work in the dangerous way and is injured, is without remedy. Elliott v. Greenville Coal Company, 159 Ky. 481.

The trial court did not therefore err in sustaining the motion for a directed verdict, and the judgment is affirmed.