### Gatliff Coal Company v. Sumner.

(Decided November 24, 1922.)

## Appeal from Whitley Circuit Court.

1. Master and Servant—Contributory Negligence—Workmen's Compensation Act.—Under the provisions of section 4960 of the Kentucky Statutes, which is a part of our workmen's compensation act, a defendant coming within the provisions of the act cannot, in a suit against him or it by an employe to recover for negligent injuries, rely on the defenses of contributory negligence, assumption of risk or negligence of a fellow servant when, at the time of the injury, he or it had not accepted the provisions of the act. But whether a different rule would prevail, where the negligence of plaintiff was the sole cause of the injury, or where the risk assumed was one growing out of the inherent nature of the work, are questions not determined.

2. Master and Servant—Mines and Minerals—Safe Place to Work.—Plaintiff, a miner, was put to work at a place which was unsafe and dangerous and known to be so by defendant, who came within the provisions of the workmen's compensation act but had not accepted its terms. The danger known to defendant and which produced the injury was a loose rock which fell on plaintiff while he was assisting in the mining of coal: Held, that defendant was liable, notwithstanding plaintiff might have known of the unsafe condition of the rock which fell upon him, since if he continued

to work after such knowledge he assumed the rsk and which risk was not an inherent one from the dangerous character of the work, but was only one collateral and consequential to his work.

TYE & SILER for appellant.

JOHN W. RAWLINGS, J. W. HARLAN and R. L. POPE for appellee.

Opinion of the Court by Judge Thomas—Affirming.

Appellee and plaintiff below, James Sumner, filed this action in the Whitley circuit court against appellant and defendant below, Gatliff Coal Company, seeking a judgment against it for damages sustained by plaintiff as the result of an injury to one of his legs while he was working in the mine of defendant as a hostler or scraper to one who was cutting the coal with a punching machine and which injury, as alleged, was produced by the carelessness and negligence of defendant in failing to furnish him with a reasonably safe place to perform the work to which he had been assigned, and because of which a large rock fell upon his leg and severely crushed and bruised his ankle, permanently injuring and partially destroying the use of it, and also caused plaintiff much physical and mental pain.

The answer traversed the allegations of the petition and also contained a plea of contributory negligence. The reply denied the latter plea and in a second paragraph alleged that defendant was regularly engaged in the coal mining business and employed in its mine, and which was necessary to its operation, more than five employees, and it therefore came within the operation of our workmen's compensation act; that it had not, up to and including the day of the accident, accepted the terms thereof, and that under the provisions of section 4960 of the statutes, which is a part of the act, the defenses of contributory negligence, assumed risk, and negligence of a fellow servant were neither of them available to defendant. Defendant moved to strike from the reply its second paragraph, but we do not find from the record that the motion was ever acted on, nor do we find any responsive pleading thereto, nor any order controverting its allegations.

A trial before a jury resulted in a verdict in favor of plaintiff for twenty-five hundred dollars ($2,500.00), upon which judgment was rendered, and which the court

declined to set aside on a motion by defendant for a new trial and it prosecutes this appeal, urging as the principal ground for reversal the refusal of the court to instruct the jury to return a verdict for defendant if they should believe from the evidence that plaintiff was guilty of contributory negligence and which was the *sole* cause of his injury. Other grounds besides that one are contained in the motion for a new trial, such as the admission of incompetent evidence, the exclusion of competent evidence, and excessive damages, but we take it that counsel has abandoned them since they are not mentioned or argued in brief, nor does the record disclose any grounds therefor. We will, therefore, confine this opinion to a discussion of the only point argued on the appeal.

Besides admitting in the pleading that the operations of defendant came within the provisions of the workmen's compensation act and that it had not accepted them the evidence discloses no effort to deny those facts, which for the purposes of this appeal must be accepted as true. In the two very recent cases of West Kentucky Coal Co. v. Smithers, 184 Ky. 211, and Lamberg v. Central Consumers Co., idem 284, it was held that none of the defenses named were available to a defendant coming within the purview of the workmen's compensation act and who had not accepted its terms. But, it was furthermore held that before liability would arise against such a defendant, the burden was on plaintiff to show that his injury was the proximate result of some negligence on the part of the defendant. In other words, that the failure of defendant to accept the provisions of the act did not change the rule as to its liability, but only deprived it of the defenses above named. It follows, therefore, that if there is any testimony proving negligence on the part of the defendant a recovery may be had, notwithstanding there may also be testimony tending to prove contributory negligence on the part of plaintiff, or an assumption of risk by him. A proper solution of the question raised, therefore, will require a consideration of the testimony heard upon the trial.

At the time of the injury, plaintiff and his co-laborer, Warfield, were working in mine entry number 10, which had been abandoned for some time and needed cleaning out and rendering safe before mining operations were resumed therein. Warfield operated a punching or cutting machine which worked with compressed air and by

means of which the coal was sliced or cut, and plaintiff acted as his hostler or scraper, the duties of which position were to clean away the coal and debris so that the machine worked by Warfield could operate. They had been working in other parts of the mine and were notified by the assistant foreman or mine boss that they would be expected to commence work in entry number 10 as soon as it was cleaned and rendered safe, and that two other employes had been assigned to the task of performing that job, and plaintiff and his co-laborer, Warfield, were told by the superior officer to go to that place and resume work therein as soon as it was cleaned out by the persons assigned for that purpose. The next day those persons notified plaintiff and his co-laborer that their task had been performed and the place was ready for the work in which plaintiff and Warfield were engaged. They went to the place and, in the language of the witnesses, they "cut off two boards" and while cutting the third one the rock which injured plaintiff fell on him mashing his leg and injuring his foot and ankle as hereinbefore described. It is shown without contradiction that it was not the duty of plaintiff or Warfield to inspect the place or to prop it or otherwise make it safe, but that on the contrary it was the duty of defendant through its superior officers to plaintiff to perform those duties. The two witnesses assigned to clean up the place and make it safe each testified that they discovered the rock, which afterwards fell and injured plaintiff, and that it was cracked and loose and that they tried to prize it down but failed, and that they notified plaintiff and Warfield to begin work in that place with the rock in that condition. However, one of them testified that he informed Warfield of the condition of the rock and told him that it was unsafe and dangerous to mine the coal from under it without propping it, and that plaintiff was present but whether he heard it or was near enough to hear it is not proven. That witness was the only one introduced by defendant to prove the defense relied on and the argument made for a reversal of the judgment is based entirely on his testimony which is denied by plaintiff and Warfield and is supported by no other witness.

The position is taken by counsel that if plaintiff knew of the unsafe condition of the rock and, notwithstanding, continued in his work, his act in doing so was the *sole* producing cause of his injury and he can not recover. In other words, it is contended, as we understand coun-

sel, that although defendant put plaintiff to work at an unsafe place and was, therefore, guilty of negligence and violated its duty to him, still it was his duty to either make the place safe or decline to work, and if he failed to do so and was injured such failure was the *sole* producing cause of the injury and disentitles him to a recovery. The argument is ingenious, under the facts of the case, and if applicable under the testimony would, according to our view, nullify the section of the statute (4960) withholding such defenses in such cases. The *sole* negligence of plaintiff, as a result of which he is injured, in order to bar the action must be the *only* negligence having any connection with the producing of the injury. In other words, the negligence of the servant or employe must not operate in connection with some preceding or present negligence on the part of the master or employer. In such a case the negligence of the servant is not "contributory negligence," which is a term presupposing the existence of negligence on the part of the defendant, which this and other courts have often said. If, therefore, plaintiff's conduct of continuing his work after knowledge of the dangerous condition of the rock, if he did have such knowledge, may be classified as *negligence,* on his part, it would clearly be "contributory negligence," which, under the terms of the act, is not available as a defense to the defendant under the facts proven.

We are, however, inclined to classify his conduct, after possessing such knowledge, as an assumption of the risk. The line of demarcation between "contributory negligence" and "assumption of risk" is frequently hard to draw, and the opinions exhibit much confusion along that line. But, we need not, for the purposes of this case, enter into any analytical discussion of the two defenses or endeavor to differentiate them, since this court has quite uniformly held that where a servant continues to work at a place which he knows to be dangerous his conduct in doing so is one of assumption of risk rather than contributory negligence on his part. Whether the undertaking of the work and its continuation where it is *inherently* dangerous and an injury is sustained because of such inherent danger the assumption of risk could not be relied on as a defense in cases similar to this, we need not determine. A case illustrative of the one supposed would be an injury sustained by a servant who was sent into the mine for the very purpose of re-

moving a dangerous rock and who was injured while performing his task. The instant case is far different from that, since the work at which plaintiff was engaged and assigned was not a remover of rocks which might be inherently dangerous, but was one where the danger was only collateral or consequential and was one in the performance of which reasonable safety might be relied on. His conduct, therefore, was at most nothing but the ordinary assumption of risk which the statute also withholds as a defense. It might be added that the overwhelming weight of the evidence is that neither plaintiff nor Warfield, his co-laborer, was warned or had any knowledge of the dangerous condition of the rock, or that the place where they were assigned to work was any wise unsafe.

If, however, we should be mistaken in what we have said, appellant would not be entitled to reversal, since instruction number 1, given by the court required the jury to believe, before they could return a verdict for plaintiff, that he did not know of the dangerous condition which produced his injury and that he had not been notified of it by plaintiff, which in effect, though erroneously, gave defendant the benefit of its affirmative defense, notwithstanding the provisions of the statute, *supra*.

It, therefore, results that the court properly overruled the motion for a new trial, and the judgment is affirmed.