## Clark County Construction Company v. Richards' Administrator.

(Decided February 26, 1924.)

### Appeal from Clark Circuit Court.

1. Evidence—Negative Evidence, when Admissible.—Negative evidence as to occurrence of conversation with a decedent is competent, if the circumstances are such as to indicate that the witness might or might not have heard the conversation if it occurred.

2. Master and Servant—Whether Warning was Given Employee Held for Jury.—In action for death of employee, whether foreman ordered deceased not to work in place in quarry where he was killed, because of loose boulder which might fall, held for the jury, though testimony as to giving of such order was positive, and contradictory evidence was negative in character.

3. Master and Servant—Statute as to Willful Misconduct of Compensation Claimant Inapplicable to Actions at Law.—Ky. Stats. section 4882, making willful misconduct a defense to claims arising under the act, has no reference to actions at law.

4. Master and Servant—Provision of Compensation Act Denying Defenses of Assumed Risk and Contributory Negligence Applies to Common-Law Actions.—Ky. Stats., section 4960, denying the defense of assumed risk and contributory negligence to an employer who has not accepted the provisions of the act, applies directly to common-law actions, and where employee was placed at work on unsafe premises, of which employer had knowledge before the injury, a peremptory instruction should have been given for plaintiff, unless there was disobedience of an order not to work in such place.

5. Appeal and Error—Erroneous Instruction Held Not Prejudicial.—In action for death of employee, if an instruction was erroneous

as denying defense of contributory negligence or assumed risk as to employee working at a place where he was forbidden to work unless the employee was also informed of the dangerous condition of the premises, there was no prejudice, where all the evidence was to the effect that the master's foreman pointed out the danger at the same time he directed the employe to work elsewhere, and the jury could hardly have believed one part of the statement without believing all, especially as defendant had combined both in its pleading, and the instruction was based on the theory of the defense it presented.

6. Master and Servant—Master Not Required to Inform Employee of Dangers of Forbidden Place.—A master is not required to inform a servant of the dangers of a place at which he is forbidden to work.

7. Appeal and Error—Contradiction in Instructions Held Immaterial. —Where as a matter of fact there was no issue submitted in an instruction to find for plaintiff, if defendant, his decedent's employer, failed to use ordinary care, and the real issue of willful disobedience of an order as submitted by the second was so short and simple that the jury could not have been confused, the contradition therein held immaterial.

GEO. C. WEBB and HAYS & HAYS for appellant.

BENTON & DAVIS for appellee.

OPINION OF THE COURT BY JUDGE McCANDLESS—Affirming.

Appellant operates a stone quarry in which it employs from 50 to 60 laborers, though it has never accepted the provisions of the workmen's compensation act. The quarry is in the shape of a crescent about 150 feet in length, and the rock face is from 18 to 20 feet high.

On the morning of May 7th, 1921, a large boulder slipped from the surface and fell to the quarry below, rolling over the legs of intestate and producing injuries from which he died shortly thereafter.

In a suit in the Clark circuit court a judgment for $2,500.00 was recovered by his administrator and this appeal results. It is claimed that incompetent evidence was admitted; that the instructions were erroneous, and that the verdict is flagrantly against the evidence.

The preparatory blasting had been done on the day previous to the injury, which occurred about ten o'clock in the morning. The laborers were arranged along the length of the quarry, and a number of these, including

deceased, were near the wall sledging stone. Others loaded the stone on carts which hauled it to the crusher. While they were under the general supervision of the foreman it seems that there were no special directions as to where the individual laborers should work, and on the morning of the injury the deceased went to work near the face of the wall and directly under the boulder. It is claimed by appellant's witnesses that they early discovered that the stone in question was loose and dangerous to those working beneath, and that both the foreman and assistant foreman so notified those working at that place, including decedent, and directed them to go to another part of the quarry, saying that at noon they would remove the boulder; that in fact decedent did leave and go to work elsewhere; that a laborer with defective vision was led away by the foreman, but that afterwards decedent returned to work at the same place and remained until the accident occurred. Such is the testimony of the foreman and assistant foreman, and they are corroborated by three other witnesses who state that they were present at the time and heard the orders given, some of whom state that decedent left and returned without their knowledge.

These statements are denied by the witnesses for the plaintiff, one of whom states that he was the "buddy" of deceased and worked within three feet of him, and two others who were loading rock within ten feet of him, the three stating that they were with the deceased continuously; that no such warnings or directions were given and that deceased did not leave. Others who were working from within 15 to 35 feet of him state they heard no such instructions and knew nothing of the danger until after it occurred.

It is urged that all of this evidence is negative and that as to the latter class of witnesses the conversation may have occurred and not have been heard by them; hence, their testimony does not contradict appellant's witnesses, and therefore was incompetent. However, this is an argument affecting the weight of the testimony rather than its admissibility. In order to disregard such evidence the explanatory facts and circumstances must be sufficient to show that the witnesses would not have heard the statements if made; if the circumstances are such as to indicate that the witnesses might or might not have heard the order if made, their testimony that they did not hear such order, though negative in char-

acter is competent. Union Light, Heat & Power Co. v. Young's Admr., 141 Ky. 805.

The inference is that a warning of such danger would attract the attention of nearby laborers, and it was a question for the jury to determine as to whether the order and warning were given by the foreman and overlooked by the inattention of the witnesses, or not given at all. As to the first class of witnesses for appellee the presumption would be that they should have heard the orders if given, and clearly their evidence directly contradicts that of appellant. This raised a question of fact with practically an even number of witnesses to the side and it was for the jury to determine which side was to be believed. At any rate we cannot say that the verdict is so flagrantly against the evidence as to strike one at first blush as being the result of passion or prejudice.

The instructions 1 and 2 read:

1. "It was the duty of defendant to furnish Hub Richards a reasonably safe place to work, and if the jury believe from the evidence that the defendant failed to use ordinary care at the time and place. mentioned in the proof a reasonably safe place to work and that by reason of such failure, if any, a rock fell upon plaintiff's intestate, Hub Richards, while he was at work whereby he was injured and died, the jury will find for the plaintiff and unless they so believe they will find for the defendant.

2. "If the jury believe from the evidence that Rucker and Horine, either one or both of them, the defendant's foremen, informed Hub Richards that the quarry at the place where he was working was dangerous and the rock was likely to fall at any time, and directed said Richards not to work at that place, and further believe that Richards willfully disobeyed said instructions of defendant's foreman, and with knowledge of the danger continued to work at said place and the rock fell upon him and he received the injuries from which he died, the jury will find for the defendant."

Section 4882, Ky. Statutes, makes willful misconduct a defense to claims arising under the workmen's compensation act, but that section has no reference to actions at common law. However, appellant pleaded and relied upon that defense and is hardly in an attitude to complain of the court's action in instructing upon it.

In this respect the provisions of section 4960 denying the defenses of assumed risk and contributory negligence to a litigant such as appellant applies directly to common law actions.

These defenses are elaborately discussed in Gatliff Coal Co. v. Summers, 196 Ky. 592, and numerous other opinions might be cited in which they have been distinguished, but it is unnecessary to draw a distinction between the two in this case. It is admitted that deceased was placed at work on unsafe premises of which appellant had knowledge before the injury.

As neither contributory negligence nor assumed risk could be relied on, appellee was entitled to a peremptory instruction, unless the foremen, one or both, forbade the intestate from working longer at the place he was injured, and he thereafter in disobedience of the order continued to work thereat.

The second instruction extended the principle so as to deny the defense unless the intestate was also informed of the dangerous condition of the premises.

Perhaps it was incorrect in this particular as it is the duty of the employer to furnish to the employee a safe place in which to work, and he is not required to inform him of the dangers of a place at which he is forbidden to work. But we cannot say that the appellant was prejudiced thereby as all its evidence is to the effect that its foreman pointed out the danger at the same time they directed the laborers to work elsewhere, and the jury could hardly have believed one part of the statements without believing all, especially as the appellant had combined both in its pleadings, and the instruction was based on the theory of the defense it presented.

It is urged that the first instruction is erroneous in that it is not qualified by the phrase, ''Unless you believe as set out in the second instruction,'' or similar language.

Such qualification was proper and should have been given, but only two short instructions were given, and while they were technically contradictory, as a matter of fact there was no issue submitted in the first instruction, and the real issue as submitted by the second was so short and simple that we do not believe the jury could have been confused in construing them together and passing upon the issue as presented in the second.

Perceiving no error to the prejudice of the substantial rights of the appellant the judgment is affirmed.