**NEW YORK LIFE INSURANCE CO.,
Appellant,**

v.

**Nell K. REES et al., Appellees.**

**INDEPENDENCE LIFE AND ACCIDENT
INSURANCE COMPANY, Appellant,**

v.

**Nell K. REES et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 16, 1960.

Bullitt, Dawson & Tarrant, Lee Curd Miller, Edwin F. Schaeffer, Jr., Louisville, Duff Arnett, Hazard, for appellant.

Glenn W. Denham, Middlesboro, for appellees.

CLAY, Commissioner.

Two suits for double indemnity benefits were brought by appellee plaintiff against appellant defendant insurance companies. They were consolidated for trial, the jury returned a verdict for the plaintiff on both policies, and a judgment was entered thereon. Defendants have moved for an appeal on the ground the trial court should have directed verdicts in their favor.

The insurance policies contained the customary provision for the payment of double the face of the policy if death "resulted directly and independently of all other causes from bodily injury effected solely through external, violent and accidental means." These benefits would not be payable if death resulted directly or indirectly from "infirmity of mind or body" or "illness or disease."

The deceased had been in ill health for years. He suffered from diabetes, general-

ized arteriosclerosis and heart trouble. A blood clot had caused him some paralysis. His doctor (who had treated him eleven days before his death) stated that his life expectancy was "very poor."

One Sunday afternoon the deceased, accompanied by a friend, was driving his automobile down town to a lodge meeting. Apparently the brakes failed and he drove off the street and struck a tree. He was shaken up, was pale when he got out of the car, and staggered backward. He did not complain of any injury. He attended the lodge meeting and appeared to be suffering from shock.

He neither requested nor received medical treatment and continued his normal activities for the next few days. He lived alone. The day after the accident a woman who performed housekeeping duties for him observed his face was "dark and splotched" and he fell when going from one room to another.

The accident happened on a Sunday afternoon and the next Friday morning he was found dead in bed. The coroner made two death certificates. In the first he attributed death to "coronary occlusion." Being given information about the accident, he re-examined the body of the deceased, found what appeared to be two bruises, and entered in the second death certificate "possibly caused by the accident he had a few days earlier."

The plaintiff took the testimony of a physician who had not examined the deceased. He answered a hypothetical question which contained several assumed but unproven facts and omitted significant facts as to the physical condition of the deceased prior to the accident. His answer was, "It would appear to me that it (death) did arise from the accident."

■■ The burden was on the plaintiff to prove that the deceased suffered an accidental injury which was the exclusive and independent cause of his death. Even if the proof shows an accidental injury con-tributed to or accelerated death by disease or illness, the plaintiff has failed to carry the burden and cannot recover. Sachs v. Independence Ins. Co., 306 Ky. 385, 208 S.W.2d 61; Prudential Life Ins. Co. of America v. Lowe, 313 Ky. 126, 230 S.W.2d 466; Commonwealth Life Insurance Co. v. Byck, Ky., 268 S.W.2d 922.

■ There is no direct evidence in this record that the deceased suffered an accidental injury which could cause or contribute to his death. The circumstantial evidence is most equivocal. His physical appearance and actions immediately after the accident indicated merely a state of shock, which is a normal reaction to such an accident. His later appearance and actions observed by his housekeeper were not shown to have any relationship to an injury and reasonably could be attributed to his deteriorated physical condition. The opinion of the expert is of no value for two reasons: (1) it was not based on an accurate and complete summary of the material facts, and (2) it did not tend to prove that the supposed accidental injury was the sole cause of death.

Plaintiff's proof did no more than develop a remote possibility that some unknown and unproved injury may have caused or contributed to the death of the deceased. Such a substructure of supposition is not nearly enough. North American Accident Insurance Company v. West Company, 245 Ky. 316, 53 S.W.2d 692. Our most recent case reaching this same conclusion (where the deceased died immediately after an automobile accident) is Massachusetts Bonding & Insurance Co. v. Huffman et al., Ky.1960, 340 S.W.2d 447.

In the two cases relied upon by plaintiff (Kentucky Central Life & Accident Ins. Co. v. Jones, 247 Ky. 432, 57 S.W.2d 72, and Mutual Benefit Health & Accident Association v. Webber, 299 Ky. 846, 187 S.W. 2d 273) there was direct and positive evidence that (1) the deceased had suffered a serious injury in an accident, and (2) the injury was the sole cause of death. In the

present case plaintiff's proof lacked sufficient substance to establish either of these material facts. The defendants were entitled to directed verdicts.

The motions for appeal are sustained, and the judgment is reversed with directions to enter a judgment notwithstanding the verdict for each of the appellants.