**CONTINENTAL CASUALTY COMPANY, Appellant,**

**v.**

**Glen SKAGGS, Appellee.**

Court of Appeals of Kentucky.

Jan. 17, 1969.

J. K. Wells, Paintsville, for appellant.

George Chad Perry, III, Paintsville, for appellee.

DAVIS, Commissioner.

Glen Skaggs obtained a verdict and judgment of $5,000 against Continental Casualty Company in his suit alleging entitlement to insurance benefits at the rate of $1,000 per month for hospital confinement occurring "solely as the consequence of direct bodily injury resulting from an accident and independent of all other causes." The company has appealed. Skaggs initiated a cross-appeal seeking greater recovery but has not pursued it in this court.

The appellant maintains that the evidence in behalf of Skaggs lacked sufficient probative value to make a jury issue as to whether Skaggs was hospitalized solely as the consequence of a direct bodily injury resulting from an accident and independent of all other causes.

Skaggs suffered a paralytic stroke in the winter of 1956 and another in the spring of 1958, leaving him paralyzed in his left side. His physical condition was such that since 1960 he has continuously resided in various rest homes, nursing homes, and hospitals. On October 1, 1963, appellant's predecessor company issued an insurance policy to Skaggs providing for benefits of $1,000 per month during hospital confinment occurring "solely as the consequence of direct bodily injury resulting from an accident and independent of all other causes." The premium was $5 per month. The company was apprised of Skaggs' physical condition at the time the policy was issued, and no question is raised in that regard.

On November 19, 1965, while Skaggs was a patient in a nursing home, he allegedly injured his back in an accidental fall while attempting to use his "potty stool." Skaggs said that he suffered severely from the injury to his back and arranged as quickly as possible to enter the New Hospital at Paintsville which was owned and operated by Dr. F. M. Picklesimer. Skaggs was unable to reach the hospital until the day after his injury. ·Both Skaggs and Dr. Picklesimer testified that Skaggs was hospitalized for treatment of a lumbo sacral sprain resulting from the accidental fall. Skaggs was in the hospital until July 3, 1966, except for a couple of brief intervals.

Appellant presented in evidence the daily charts maintained by the nurses at the hospital. It caused these charts to be exhibited to two physicians, each of whom testified that in his opinion the charts reflected that the treatments afforded Skaggs during nearly all of his hospitalization were not for an injury to his back and that hospitalization from any back injury would not have been required absent Skaggs' paralysis and other disabilities. Appellant maintains that despite the testimony of Dr. Picklesimer categorically relating that Skaggs was hospitalized on account of his back injury alone, the overwhelming weight of the evidence to the contrary is sufficient to undermine the probative value of Dr. Picklesimer's testimony and to require a directed verdict for the insurance company.

Appellant cites Aetna Life Insurance Company v. Bethel, 140 Ky. 609, 131 S.W. 523; Prudential Insurance Company of America v. Gaines, 271 Ky. 496, 112 S.W. 2d 666; Prudential Insurance Company of America v. Lowe, 313 Ky. 126, 230 S.W.2d 466; Commonwealth Life Insurance Company v. Byck, Ky., 268 S.W.2d 922; New York Life Insurance Company v. Rees, Ky., 341 S.W.2d 246; Nugent v. Nugent's Ex'r, 281 Ky. 263, 135 S.W.2d 877; Sloan v. Sloan, 303 Ky. 180, 197 S.W.2d 77; Mutual Life Insurance Company of New York v. Dause, 256 Ky. 448, 76 S.W.2d 233; Prudential Insurance Company of America v. Howard's Assignee, 258 Ky. 366, 80 S. W.2d 21; Davis v. Bennett's Adm'r, 289 Ky. 516, 159 S.W.2d 39. An examination of these decisions reflects that none of them is entirely apposite to the issue before us. The widely varying facts in each of them furnish basis for distinguishing them from the present case.

There is no question that Skaggs presented more than a scintilla of evidence in support of his cause of action. The real question is whether the other evidentiary matters in the record are so completely persuasive as to demonstrate as a matter of law that the evidence in behalf of Skaggs is lacking in probative value. Our review of the evidence convinces us that the trial court properly resolved the issue by submitting the case to the jury. It seems plain that an insured who is hospitalized solely as a result of accidental bodily injury may not be cut off from insurance benefits in a policy like the one under consid-

eration merely because it becomes necessary to attend to other illnesses or bodily malfunctions during the course of the hospitalization for the accidental injury. The test is whether the accidental injury is the sole cause of the hospitalization. It is not suggested that a carbuncle which plagued Skaggs during the period of his hospitalization would have been sufficient to cause him to be hospitalized. It would be anomalous indeed to hold that Skaggs forfeited his insurance benefits even while hospitalized for accidental bodily injury just because he incidentally suffered the carbuncle. No authorities cited by appellant support such a proposition.

As noted, the appellee filed notice of cross-appeal but has abandoned it by failing to present any brief to support it and by asking that the judgment be affirmed.

The judgment is affirmed on the original appeal and cross-appeal.

All concur.