In the Matter of the Estate of SAMUEL C. HARRIOT, Deceased.

An order of a Surrogate's Court fixing the fees of appraisers of the estate of a deceased testator is a final order affecting a substantial right, and so is appealable to the General Term and to this court. (Code Civ. Pro. §§ 2570, 190.)

The N. Y. L. I. & T. Co., as executor of the will of H., commenced an action to have its accounts as such settled. The legatees under the will objected to items in the account stated to have been paid the appraisers of the estate for their services ; these had not been verified by affidavit of the executor and adjusted by the surrogate before payment as prescribed by the statute then in force. (Chap. 225, Laws of 1873; see, also, Code Civ. Pro. § 2711, as amended in 1893.) Pending the trial of the action before a referee, the executor, upon affidavits of the appraisers and their stipulation as attorneys for the executor, procured an order from the surrogate taxing their fees at $250 each. The legatees, under the will, thereupon, upon notice to the executor and appraisers, moved for an order vacating the order taxing said fees, which motion was denied, and the surrogate's order was affirmed by the General Term. *Held,* that the legatees had the right to make the motion, and that the orders below were reviewable here.

Appraisers are officers of the court, and the amount of their fees being fixed by statute (Code Civ. Pro. § 2565), they have no right to demand or receive more than the statute allows, however large the estate may be, unless the parties interested consent.

It appeared by the affidavits upon which the motion to vacate was made that the estate, aside from household furniture and items of cash on hand, consisted of twenty-seven different items of corporate stock and other securities; that the counsel for the legatees filled out the inventory, except as to the securities and cash, and this part was prepared by the executor; that the furniture was appraised in a lump sum, and the appraisers had

nothing to do in regard thereto save to see that the furniture was in the house; that the value of the securities could have been ascertained in a single day's time. No affidavits were read in opposition. The surrogate, however, took into consideration the affidavits of the appraisers used on the original motion, which, without giving any items, stated generally that each of them had actually and necessarily been employed more than fifty days. The surrogate so found. *Held,* that the facts did not justify the finding, and that the order denying the motion to vacate was error.

(Argued March 21, 1895; decided April 9, 1895.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made October 12, 1894, which affirmed an order of the Surrogate's Court of the county of New York denying a motion to vacate and set aside an *ex parte* order of said surrogate fixing the compensation of two appraisers of the estate of Samuel C. Harriot, deceased.

The facts, so far as material, are stated in the opinion.

*A. C. Brown* for appellants. The order of the General Term is appealable to this court. (Code Civ. Pro. §§ 190, 2570, 3333, 3334; *Seaman* v. *Whitehead,* 78 N. Y. 306.) The surrogate had no jurisdiction to make the *ex parte* order. (Laws of 1893, chap. 686; *Bevan* v. *Cooper,* 72 N. Y. 317, 327; *Seaman* v. *Whitehead,* 78 id. 306, 308; *Sanders* v. *Soutter,* 126 id. 193, 200.) If the surrogate had jurisdiction to make an order fixing compensation in this case, and was authorized to exercise the discretion reposed in him by the act of 1873, and the provisions of the Code, the order made, and affirmed after a motion on all the facts to vacate it, was such a gross abuse of that discretion as to amount to reviewable error. (Code Civ. Pro. §§ 2565, 2711; *People* v. *Common Council,* 78 N. Y. 56, 61; *La Beau* v. *People,* 34 id. 223, 233; *Granger* v. *Craig,* 85 id. 619; *Atty.-Gen.* v. *N. A. L. Ins. Co.,* 93 id. 387, 390.) The orders of the General Term and of the Surrogate's Court should be reversed and that of the surrogate vacated. (*In re De Pierris,* 79 Hun, 279.)

*R. E. Robinson* for respondent. The appellants had no standing in the court as moving parties. (Code Civ. Pro. §§ 2565, 2711.) These appellants have no right of appeal from the order here appealed from. A stranger to an action has no right of appeal from an order denying his application for relief against proceedings in such action. (*In re Bristol*, 16 Abb. 397; 42 Barb. 274; 1 Redf. 1; Id. 130; 25 N. Y. 9.)

HAIGHT, J. It appears that the New York Life Insurance and Trust Company had been appointed the executor under the last will and testament of Samuel C. Harriot, deceased, and as such had commenced an action in the Supreme Court to have its accounts as such executor adjusted and settled; that objections had been taken by the appellants to certain items of the account presented by the executor, among which was an objection to the items paid to the appraisers for their services; that thereupon a reference was ordered to hear and determine the matters in controversy, and pending the hearing before the referee the attorneys for the executor appeared before the surrogate, and upon the affidavits of the appraisers and their own stipulation as the attorneys for the executor procured an order taxing the fees of the appraisers at the sum of $250 each. The order so procured from the surrogate was then introduced in evidence before the referee. Thereupon the appellants, upon notice to the executor and the appraisers, moved in the Surrogate's Court for an order vacating the order taxing the fees of the appraisers, which motion was denied. This order having been affirmed in the General Term is now brought to this court for review.

It is contended on behalf of the executor that the appellants had no standing in the Surrogate's Court; that they were not entitled to notice of the application to tax the appraisers' fees, and that consequently they had no right of appeal to review the order there made. We are unwilling to adopt this view. The appellants are the parties interested and finally have to bear the burden of the expenses incurred by the executor. The order was a final order and affects a substantial right.

An appeal from such an order is authorized by sections 2570 and 190 of the Code of Civil Procedure. Ordinarily it may not be necessary for the next of kin or legatees to have notice of the taxation of the fees of the appraiser by the surrogate. For, under the provisions of the statutes and the Code, it was contemplated that such fees should be adjusted by the surrogate before payment by the administrator or executor. When so adjusted the executor or administrator, whichever it may be, is deemed to represent the interests of the estate, of the next of kin and of the legatees.

Under the Laws of 1873, chapter 225, it is provided that, " upon the application of any executor or administrator, the surrogate who granted letters testamentary or of administration shall, by writing, appoint two disinterested appraisers as often as occasion may require, to estimate and appraise the personal property of a deceased person, and such appraisers shall be entitled to receive a reasonable compensation for their services, to be allowed by the surrogate, but not exceeding for each appraiser the sum of five dollars for each day actually employed in making an appraisement or inventory, in addition to his actual expenses necessarily incurred, the number of days' services so rendered and the amount of such expenses to be verified by the affidavit of the appraiser performing such services, to be made and delivered to the executor or administrator before payment of such fees, and to be adjusted by the surrogate." In 1893 section 2711 of the Code of Civil Procedure was amended so as to provide that the number of days of services rendered, and the amount of expenses incurred by the appraisers " must be verified by the affidavit of the appraisers, delivered to the executor or administrator, and adjusted by the surrogate *before payment of his fees.*"

With respect to the question under consideration the provisions appear to be substantially the same. Under the Code the fees must be adjusted by the surrogate before payment. In the statute the phrase " to be adjusted by the surrogate," appears after the words " before payment of such fees." But the phrase clearly relates back to that which precedes the

words quoted, and contemplates the adjustment of the fees by the surrogate, before the administrator or executor is required to pay. But in this case the appraisers never procured their fees to be taxed. They were paid by the executor at or about the time that they completed and delivered over the inventory. The executor waited until after the estate had been settled, an action to have its accounts adjusted brought, and the trial of that action commenced before it took any steps to have the fees of the appraisers adjusted. At that time it was acting in its own interest to secure the audit and allowance of its own claim, and without stopping to consider whether the trust company could, at that time, upon its own motion and on its own stipulation, properly procure an order taxing the fees of the appraisers, we are clearly of the opinion that the legatees had the right to be heard, either upon the original application or by an affirmative motion to vacate.

We are thus brought to a consideration of the motion upon the merits. It appears from the moving papers that the inventory contains a list of the furniture in the residence of the deceased, and that the same was appraised in a lump sum at $2,940.40 ; that this list was made out by one De Waltearss, who put the value upon the articles and was paid the sum of $86.22 for his services; that the counsel for the appellants filled out the inventory with the exception of the securities and cash which was prepared by the executor, the trust company, or its attorneys, so that the appraisers had nothing whatever to do except to see that the furniture was in the house and compare the list of securities with the securities themselves and ascertain their market value. Aside from the furniture and the items of cash on hand, the estate consisted of twenty-seven different kinds of securities, chiefly railroad and corporate stocks. The motion papers further show that the market value of the securities could have been ascertained by a visit to the New York Stock Exchange or to the office of any stock broker, in a single day's time, and that the charges for appraisers' fees were grossly exorbitant. No affidavits appear

to have been read in opposition to the motion, controverting these facts. The surrogate, however, appears to have considered the affidavits of the appraisers presented upon the original motion for taxation as before him and upon them to have held that it appeared that they each had been employed more than fifty days upon the appraisal, and that he could not state, from an inspection of the inventory, that their statements were improbable. We are unable to agree with him. Section 2565 of the Code of Civil Procedure provides that "an appraiser is entitled, in addition to his actual expenses, to a sum to be fixed by the surrogate not exceeding $5 for each day actually and necessarily occupied by him in making the appraisal or inventory, the number of days' services and the expenses, if any, must be proved by the affidavit of the appraisers and the sums payable therefor taxed by the surrogate and paid by the executor or administrator."

It will be observed that the discretion of the surrogate is limited to $5 for each day actually and necessarily occupied by the appraisers. Beyond that amount he has no discretion. He is required to ascertain the number of days actually and necessarily occupied by them. This fact is to be found by him and should be determined from the evidence presented. He has found that the appraisers were each actually and necessarily occupied fifty days. Is this finding correct? Ordinarily, questions of fact and questions as to the weight of evidence are final in the General Term and this court has no power to review the determination of that court with reference thereto. But we have recently held that "where the evidence which appears to be in conflict is nothing more than a mere scintilla, or where it is met by well-known and recognized scientific facts about which there is no conflict, this court will still exercise jurisdiction to review and reverse if justice requires." (*Hudson* v. *R., W. & O. R. R. Co.*, 145 N. Y. 408; see, also, *People ex rel. Coyle* v. *Martin*, 142 id. 352; *Hemmens* v. *Nelson*, 138 id. 517–529; *Linkhauf* v. *Lombard*, 137 id. 417.)

Should a person affirm that black was white or white was black, or being in the full possession of his faculties, and having the unrestricted use of his limbs, should testify that he actually and necessarily occupied a year in walking a mile, his statements would be so in conflict with recognized possibilities as to be entitled to no credit or character as evidence.

As we have seen, the inventory was prepared by others. The only thing left for the appraisers to do was to examine the furniture, compare it with the list made, examine the securities entered in the inventory and attach thereto the values which could have been ascertained in a day's time in any stockbroker's office in the city of New York. Upon these undisputed facts we cannot sustain the finding that the appraisers each *actually* and *necessarily* occupied fifty days in making their inventory.

It appears that this estate was valued at nearly $300,000. It was considered large and a custom may have prevailed to some extent to make liberal allowances for services performed with reference to such estates; but appraisers are officers of the court, appointed by it and their fees are regulated by statute. It makes no difference whether the estate is large or small. They have no right to demand or receive more than the statute allows, unless the parties interested consent, and if a different custom has prevailed it should be discontinued.

Whether the surrogate should entertain jurisdiction to tax the appraisers' fees pending a trial of the action in the Supreme Court we do not now determine.

The order appealed from should be reversed and the motion granted, with costs in all courts.

All concur.

Ordered accordingly.