ANNIE WILLIS, Respondent, v. CITY OF BROWN-ING, Appellant.

### Kansas City Court of Appeals, May 4, 1914.

**NEGLIGENCE: Municipal Corporations: Sidewalks.** The plaintiff sued to recover for personal injuries sustained through the negligence of the defendant city. The plaintiff was crossing the street of the defendant city on a wooden crossing, when her foot went through the plank and she was injured. *Held*, that the instructions fairly presented the only real issue of fact in the case and there is no room for the thought that the jury did not understand the issue and address themselves to its solution.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

Affirmed.

*E. B. Fields* and *Dan R. Hughes* for appellant.

*D. M. Wilson, J. W Clapp, Paul Prosser* and *Guthrie & Franklin* for respondent.

JOHNSON, J.—This is a negligence suit begun in Linn county and on change of venue removed to Livingston where a trial ended in a verdict and judgment for plaintiff for $5,000. On appeal we reversed the judgment and remanded the cause for error of the court in allowing plaintiff to make a demonstration before the jury to convince them of the need she still had for crutches. [161 Mo. App. 461.] We held the evidence of plaintiff supported her pleaded cause and afforded no room for an inference of contributory negligence in law. After the cause was sent back to the circuit court a second change of venue was granted to Macon county. An amended petition was filed in which, in addition to the charge that the crossing board on which plaintiff stepped was rotten and broke under her weight, it was alleged "or plaintiff stepped in a hole in said crossing which said hole had negligently been permitted to remain in said crossing for a long period of time." The answer was a general denial. The second trial resulted in a verdict and judgment for plaintiff for $1,200 and after its motions for a new trial and in arrest were overruled, defendant again appealed.

We find no substantial difference in the evidence introduced at the two trials. The proof of plaintiff is to the effect that a board crossing maintained by defendant over one of its public streets had been suffered to fall into such condition of decay that it became unsafe and that while she was attempting to cross the street one of the boards broke under her weight and her foot went through to the bottom of a drain under the crossing. The evidence of defendant tends to show that she was not injured in such manner but accidentally stepped into a post hole in her own back yard and further that she has magnified her physical injuries to swell her apocryphal claim for damages. Counsel for defendant repeat the argument they made on the former appeal that the verdict was so clearly

against the weight of the evidence that we should regard it as the product of passion and prejudice, but we must reject this argument as we did before. There is no inherent weakness in the version of the injury given by plaintiff and her witnesses. She states her foot broke through a certain board and other witnesses who looked at the place testified to the presence of a freshly made hole at that place. A greater number of apparently disinterested witnesses introduced by defendent testified that there was no new hole in the crossing at or near that place and that the boards were found to be in the same condition after the injury as they were before. The question for our consideration is not that of the weight of the evidence but whether the evidence of the plaintiff is too weak to raise a debatable issue of fact in the minds of reasonable men. The issues of the credibility of witnesses and of the weight to be given their testimony always are for the jury to determine, except in instances where their testimony is so inherently weak and unreasonable that reasonable minds could not entertain different opinions about it. Though a greater number of witnesses say the crossing was eight boards wide instead of four, as stated by plaintiff and her witnesses and that the board through which she states her foot penetrated showed no signs of such mishap, we are in no position to declare that her evidence must be false. The duty of deciding such controversies is vested by law in the triers of fact and since they have decided them in favor of plaintiff we are without the power and, we may add, the inclination, to interfere.

The conflict between the parties over the fact of whether the crossing consisted of four boards or eight, coupled with the new allegation in the petition as amended, furnished the ground for objections urged to the rulings on the instructions which we regard as too technical for extended discussion. The clear-cut

issue in the case is whether plaintiff was injured by stepping on a defective spot in the crossing, or by stepping into a hole on her own premises. If she is telling the truth she is entitled to recover, since the defect appears to have been one which could not have existed except through negligence of the city. The instructions fairly presented the only real issue of fact in the case and there is no room for the thought that the jury did not understand that issue and address themselves to its solution.

The point of an excessive verdict is not well taken. The judgment is affirmed. All concur.