## Louisville Water Company v. Lally.

(Decided February 8, 1916.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Fourth Division).

Trial—Evidence—Submission to Jury—Scintilla Rule.—Evidence of alleged facts inherently impossible and absolutely at variance

with well established and universally recognized physical and me-
chanical laws does not supply evidence necessary to carry a case
to the jury under the scintilla rule.

A. J. CARROLL for appellant.

O'NEAL & O'NEAL and C. H. SEARCY for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Reversing.

Appellee lived at 225 Shawnee Drive, Louisville, Kentucky, on the 28th of July, 1914, and owned the property. About five o'clock in the afternoon he, his wife and three children were leaving the house to spend the evening with his brother, when through one of the children wanting a drink it was found the water had been turned off from his house, and none could be drawn from the faucets. They left their home and returned about half past ten o'clock that evening, when they discovered that the water from the faucet at the wash stand in the bath room on the second floor had overflowed the basin, and flooded a considerable portion of the house, damaging the walls, floors and furnishings.

Appellee instituted this action against appellant and recovered a judgment for $694 for the damage sustained by reason of the flooding of his house, and appellant having been denied a new trial is appealing.

Appellee's petition as amended alleges that the flooding of his house was caused by the gross negligence and carelessness of appellant in suddenly turning on and into the pipes of his home a large and tremendous volume of water of extreme velocity, in such way and manner as to forcibly cause same to run through the faucet and piping in said residence, thereby causing and permitting said water to flood the premises.

The evidence shows that the water was turned back into the pipes supplying appellee's house and other houses in the neighborhood within a short time after he left his home. The only evidence that can be construed to indicate that there was any negligence in the way in which the water was turned on again into these pipes by appellant is given by two ladies living in the same square with appellee, who testify that when the water was turned on upon this occasion the pipes and faucets in their homes were caused to shake and to make such an unusually loud noise as to frighten them. None of the pipes or faucets in any of these residences were broken

or bursted, or damaged in any way. Appellee testifies that the faucet from which the damaging water flowed was in perfect condition both before and after the accident; that no pipe or fixture or fastening in his home was hurt or damaged by the turning on of the water. There is no explanation in any of the proof from which it can be conceived how the faucet that caused this damage could have been turned on by the force, volume or velocity of the water returning into the pipes, not even from the testimony of the two ladies to whom we referred above, that the water had been turned into the pipes by appellant with such unnecessary and unusual force as to cause the pipes to rattle and give forth a loud noise. Appellee testifies that when he went up to examine the cause of the flooding of the house, he found the faucet of the wash basin open to such an extent that it required two or three turns to close it; that the faucet was one of those screw faucets that turn, comparatively new and that it was not hurt.

Counsel for appellee have not favored us with a brief; neither the pleadings nor the proof afford any reasonable explanation of how that faucet could have been turned on by the return of the water into the pipes when turned on by appellant, and we are unable to imagine how that could have done it. The only explanation, consistent with physical and mechanical laws with which we are familiar, that we are able to imagine, is that appellee, or some member of his family, left the faucet turned on, and that the waste pipe from the basin was obstructed in some way, which prevented the water from escaping through the waste pipe as fast as it came through the faucet, and that the overflow was caused in this way. We have been unable to discover the scintilla of evidence of negligence upon the part of appellant that would justify the court in overruling its motion for a peremptory instruction at the close of appellee's testimony. The evidence in this case can supply the necessary scintilla only by the indulgence in the theory that the force with which appellant turned the water into the pipes opened the faucet by unscrewing it at the washstand, and that would be to suppose a circumstance inherently impossible and absolutely at variance with well established and universally recognized physical and mechanical laws. Water may be turned into pipes with

sufficient force to burst them or tear off fixtures such as the faucet, but not so as to unscrew the faucet.

This court in the case of L. & N. R. Co. vs. Chambers, 165 Ky., 736, after stating the "scintilla rule" prevailing in this State, said:

"These rules cannot apply where the only evidence upon which such adverse party rests his right to succeed, consists of a statement of alleged facts, inherently impossible and absolutely at variance with well established and universally recognized physical laws."

If a statement of alleged facts inherently impossible and absolutely at variance with well established and universally recognized physical laws will not supply the required scintilla of evidence, a theory inherently impossible based upon a statement of alleged facts certainly cannot supply it.

If this case should be tried again instruction number three should not be given, as it completely destroys the effect of instruction number four, which correctly presented the defense of contributory negligence.

It results, therefore, that appellant's motion for a directed verdict should have been sustained, and the judgment herein is reversed and remanded for proceedings consistent herewith.