## Louisville & Nashville Railroad Company v. Birochik.

(Decided February 27, 1925.)

### Appeal from Letcher Circuit Court.

1. Carriers—Demurrer to Claims for Loss of Time, in Action for Value of Goods Lost, Held Properly Sustained.—In action against railroad for value of goods lost and claim for loss of time, court properly sustained demurrer to latter claim.

2. Carriers—Claim for Household Goods Lost Held Fraudulent on Face.—Claim of $5,308.43 against railroad for loss of coal miner's household goods, who received average monthly wage of $141.13, and was sole breadwinner of family of eight, living in three rented rooms, held fraudulent on face.

3. Evidence—Judicial Knowledge of Coal Miner's Inability to Supply Himself and Family with Clothing, etc., Worth Over $5,000.00.—Court of Appeals judicially knows that, with war prices of 1920, coal miner earning $141.13 per month could not pay house rent, feed family of eight, and supply himself and family with clothing, silverware, pictures, etc., worth $5,308.43.

L. E. HARVIE, D. D. FIELDS & DAY, MORGAN & HARVIE and WOODWARD, WARFIELD & DAWSON for appellant.

FRENCH HAWK and R. MONROE FIELDS for appellee.

Opinion of the Court by Drury, Commissioner—
Reversing.

This is an appeal from a judgment for $3,000.00 damages awarded to appellee against appellant for the alleged loss of a shipment of household· goods which appellee shipped from Lynch, Harlan county, Kentucky, to Hazard, Perry county, Kentucky, and which were reconsigned from Hazard to Millstone, Letcher county, Kentucky.

The record shows that this shipment was delivered to appellant on October 8, 1920, at Lynch, Kentucky; that it was delayed in reaching Hazard; that it was reshipped from Hazard on December 4, 1920, and reached Millstone on December 15, 1920. In his petition, the appellee sued for the value of the goods which he alleged were lost and for $1,500.00 damages for loss of time. The court properly sustained a demurrer to the $1,500.00 claim, and required appellee to file a list of the goods lost. Whereupon he filed a paper which he says sets forth the nature and value of the property lost, and according to that paper, his aggregate loss is $5,308.43. That this claim is fraudulent is apparent on its face. The appellee is a miner, and his average monthly wage was shown to be $141.13. He had eight in his family, and he was the sole breadwinner. Before he left Jenkins, he lived in three rented rooms, and his domestic surroundings and apparent wealth differed in no particular from his humble but honest neighbors.

When appellee shipped these goods, aside from those packages, the contents of which were apparent, he had one barrel, three tubs, two baskets, and a bucket, ·into which he claims to have packed more than $5,000.00 worth of goods. We will list a few of the extravagant claims he has made. Of his own personal apparel he claims to have lost. boots and shoes, $119.32; bath robes, $22.05; four suits clothes, $437.40; fifteen suits work clothes, $44.25; two overcoats, $242.00; hose, $51.40; shirts, $61.25, etc. He claims his wife lost three fur coats, $435.00; bath robes, $23.00; dresses and skirts, $802.95; shoes, $147.35; hose $81.00. Equally extravagant is the claim for clothing for each of his six children. The value claimed for silver knives, forks, spoons, etc., is. $161.25. $267.30 represents the alleged value of pictures of ex-presidents which he claims to have lost, and so on, *ad nauseam.*

Solomon in all his glory was not arrayed as appellee claims this family was, nor did he have any more in his palace than this appellee claims to have had in his three rooms. If he can go on the stage and by legerdemain take as many things out of a tub, basket or barrel, as he says he put into these, he has a fortune in his grasp.

The members of this court are not going to pretend to be more ignorant than the rest of men, or that matters of common knowledge are not also known to them. We know judicially that with the war prices of 1920, a coal miner earning $141.13 per month, could not pay his house rent, feed his family of eight and array them in any such style as the appellee claims. This claim is fraudulently extravagant. The judgment is flagrantly against the evidence. Therefore, it is reversed and the appellant shall have a new trial. All other questions are reserved.