## Chesapeake & Ohio Railway Company v. Goodman's Administratrix.

(Decided February 4, 1927.)

### Appeal from Floyd Circuit Court.

1. Railroads—Evidence of Railroad's Negligence as to Person on Track Held Insufficient for Jury.—In action for death of plaintiff's decedent, apparently from being run over on railroad track, evidence of railroad's negligence held insufficient to go to jury.

2. Railroads—Failure to Give Signal does Not Make Railroad Liable, Unless Proximate Cause of Injury.—Failure of railroad to give signals, if established, does not make it responsible for death of person run over on track, unless such failure was the proximate cause of death.

BROWNING & REED, KIRK, KIRK & WELLS and COMBS & COMBS for appellant.

A. J. MAY, C. P. STEPHENS and JOHN CAUDILL for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER— Reversing.

The appellant, which we shall call the defendant, is seeking to reverse a judgment for $1,500.00 obtained against it by the plaintiff, for the death of her husband, Lee Goodman. On Saturday night, July 15, 1922, Lee Goodman attended a picture show in the town of Martin, and it seems that he was then in an intoxicated condition.

After the show, he attended a dance, and shortly after midnight he left the dance, with the expressed intention of getting his horse and going home. About 12:30 he was found sitting on the railroad track, intoxicated. The man who found him was an engineer for defendant, and he shook Goodman and told him to get up. Goodman resented this and told the engineer that it was none of his business. About that time a stranger came up who said he would take care of Goodman, and the engineer left. We have no means of knowing what Goodman did for the next hour or so, but about 2:30 a witness saw him not far from where he sustained his injury, and he says at that time Goodman was going towards the point where he was afterwards hurt. About 3 o'clock on Sunday morning, some one heard Goodman holloaing and in a few minutes he and another man or so got to where he was. He evidently had been run over on the railroad track. One of his legs was cut off, one of his shoulders injured, and he had a wound on his head, from which last named wound the doctor says he died. Goodman was taken to the hospital and died within an hour without ever becoming conscious. It was shown that this was a thickly populated community, and we have assumed, but have not decided, that the place whereat Goodman received his injuries was a place where the defendant could ordinarily expect to find persons on its tracks. There is no evidence whatever to show how this man received his injuries, whether he was walking along the track, sitting down on the track, or just what he was doing. No one saw the accident, and it is not known by what engine or train he was injured. A Mallet engine passed the point where this man was injured, just a few minutes before his outcries were heard, but that engine was carefully examined, and no blood was found upon it; but blood was found on the rails and ties and roadbed where the man was hurt, so it would hardly seem that that was the engine that hurt him. Assuming, however, that it was, the defendant cannot be held responsible for the death of Goodman unless it can be shown that his death resulted from some injury proximately caused by the negligence of the defendant. We have been unable to find any evidence of that in the record, and the appellee has not pointed out any in his brief.

It is claimed for the plaintiff that the evidence shows the engineer and fireman of this Mallett engine were not keeping a lookout, but the evidence does not show that.

On the contrary, all the evidence on that point is that they were keeping a close lookout when they passed this point, and saw no one on the track.

There is some conflict in the evidence about signals, but the failure of the defendant to give signals, if such were established, does not make it responsible, unless it can be shown that such failure was the proximate cause of the man's death. How this man came to his death is entirely a matter of conjecture, and under the circumstances, the jury should have been instructed to find for the defendant. See Daugherty's Admr. v. L. & N. R. Co., 206 Ky. 325, 267 S. W. 151, and cases there cited. Because that was not done, this judgment is reversed, and the defendant awarded a new trial.