## Cochran's Administrators v. Chesapeake & Ohio Railway Company.

(Decided December 13, 1929.)

COLDIRON & HARRIS for appellants.

BROWNING & REED for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—Affirming.

The trial court gave a peremptory instruction for the defendant, and plaintiffs have appealed.

The allegations of their petition are that plaintiff's intestate, Carl Cochran, then a resident of and domiciled in Greenup county, Ky., was on September 5, 1926, at a public and much-used crossing in the village of Wurtland in said county negligently struck by an engine and train of cars controlled and operated by defendant, by which he was so injured that he died a few hours thereafter.

The defendant maintains a three-track railroad through this village. Its lines run practically east and west. A public highway parallels this railroad on the south, from which a roadway crosses these railroad tracks and leads to other parts of this village north of these tracks.

Near this crossing and on the south side of the highway there is a garage and restaurant whereat a number of young men, including deceased, had assembled. Deceased remarked he was going home, and left the assembly and walked toward the crossing. At that time a long freight train was passing over the crossing; it was using the northern track, and was going west. Two witnesses say when they last saw Cochran he was standing on the southern track waiting for freight train that was using the northern track to pass. This time was fixed at 8:30 p. m. After deceased left the assembly, the others turned their attention to pitching pennies. In a short time a freight train using the southern track passed over this crossing going east, and in a short time, not over five minutes from the time he left the assembly, Carl Cochran was found by some one, injured and unconscious, in which condition he remained until he died.

This crossing has planks fitted on the ties and close up to the rails, and when young Cochran was found, he was lying on the south side of the south track, his head near the south rail, and his feet farther from the rail than his head and extended to the southwest. His head was four or five inches west of the west end of the planks mentioned.

Cochran was struck on the head by something, his skull was split open from the corner of his left eye near his nose well up into his hair, and there were two small wounds, one on his left shoulder and the other on his left knee, both smaller than a half dollar. Some of his brain was found on the west end of this crossing plank about a foot from the west end of it. His body was not otherwise mangled, and there was no evidence it had been dragged.

No one who testified saw the accident. Where he was, what he was doing, when he received his injuries, and how he received them are all matters of conjecture. There was much proof that the headlight on this east bound engine was very dim, that no whistle was blown, and the bell was not ringing.

In the recent case of Wiley's Adm'r v. C. & O. Ry. Co., 22 S. W. (2d) 263 232 Ky. 15, we said: "In an unbroken line of cases we have held that in actions of this kind a recovery cannot be had where the cause of the accident producing the injury, or the manner of its occurrence is a matter of surmise, conjecture or speculation."

In that opinion and in the opinions in Louisville & N. R. Co. v. Napier's Adm'r, 230 Ky. 323, 19 S. W. (2d) 997, Louisville & N. R. Co. v. Sizemore's Adm'r, 221 Ky. 701, 299 S. W. 573, and Chesapeake & O. Ry. Co. v. Goodman's Adm'x, 218 Ky. 117, 290 S. W. 1054, this principle is discussed and reference made to still other cases so holding.

The plaintiffs cite the following cases upon the authority of which they contend this case should have been submitted to the jury: Louisville, C. & L. Ry. Co. v. Goetz's Adm'x, 79 Ky. 442, 42 Am. Rep. 227; Louisville & N. Ry. Co. v. Clark's Adm'r, 105 Ky. 571, 49 S. W. 323, 324, 20 Ky. Law Rep. 1375; Sim's Adm'r v. C. & O. Ry. Co., 140 Ky. 241, 130 S. W. 1081; Stuart's Adm'r v. N., C. & St. L. Ry. Co., 146 Ky. 127, 142 S. W. 232; and Louisville & N. R. Co. v. Adams' Adm'r, 205 Ky. 203, 265 S. W. 623. These are all public railroad crossing cases with death resulting.

Goetz was in his wagon traveling a turnpike, and was struck and killed as he was crossing the railroad. The same is true of Clark, and also of Adams, except the latter was driving a Ford. In each of these cases it was positively shown the man killed was at and on a public crossing when he was killed. That is not shown here. True, there is some evidence Cochran was on this crossing a few minutes before he was injured, but there is no evidence he was there when he was actually hit.

The Stuart case can afford plaintiffs no comfort, as in that case this court affirmed a judgment on a directed verdict for the railroad company.

That leaves the Sims case, and on it the plaintiffs place their chief reliance, but they overlook the fact that in the Sims case there was evidence Sims was struck at a public crossing and his body dragged to the place where it was found.

Their contention is that Cochran was struck on this crossing and thrown to where he was found, but opposed to that are well-known physical laws and the experience of mankind. If Cochran had been struck on this crossing by this east-bound train, the impact would have thrown

him to the east, and he would have been found east and not west of the crossing after the accident.

In Meinrenken v. N. Y. C. & H. R. R. Co., 81 App. Div. 132, 80 N. Y. S. 1074, it was claimed the deceased had been struck on a crossing by a south-bound train and his body hurled to a point north of the crossing, where it was subsequently found. In reversing the judgment, the New York court said this was inconceivable.

Similar facts and contentions evoked a similar expression from the court of Missouri in Scroggins v. Metropolitan St. R. Co., 138 Mo. App. 215, 120 S. W. 731, and from the Pennsylvania court in Seiwell v. Hines, 273 Pa. 259, 116 A. 919, 21 A. L. R. 139.

Evidence or contentions conflicting with well-known physical laws do not impress this court. See Louisville & N. R. Co. v. Chambers, 165 Ky. 703, 178 S. W. 1041, Ann. Cas. 1917B, 741; Louisville Water Co. v. Lally, 168 Ky. 348, 182 S. W. 186, L. R. A. 1916D, 300; Louisville & N. R. Co. v. Birochik, 207 Ky. 595, 269 S. W. 720. Other courts take similar position. See section 1703, Elliott on Railroads (2d Ed.), and cases there cited; also Blumenthal v. B. & M. R. R. Co., 97 Me. 255, 54 A. 747; McKinley v. Metropolitan St. Ry., 91 App. Div. 153, 86 N. Y. 461; Waters-Pierce Oil Co. v. Van Elderen (C. C. A.) 137 F. 557; Willis v. Browning, 179 Mo. App. 233, 166 S. W. 1070; In re Harriot's Estate, 145 N. Y. 540, 40 N. E. 246; Johns v. Northwestern Mutual Relief Ass'n, 90 Wis. 332, 63 N. W. 276, 41 L. R. A. 587; Hudson v. Rome R. Co., 145 N. Y. 408, 40 N. E. 8; Hunter v. N. Y., etc., R. Co., 116 N. Y. 615, 23 N. E. 9, 6 L. R. A. 246; Marshall v. Green Bay & W. R. Co., 125 Wis. 96, 103 N. W. 249; Baumann v. Hamburg-American Packet Co., 67 N. J. Law, 250, 51 A. 461.

Plaintiffs contend they proved a state of facts from which it might be fairly inferred the deceased was struck while on this crossing. They are mistaken.

> "An 'inference' is a conclusion drawn by reason from facts established by proof; 'a deduction or conclusion from facts or propositions known to be true.' . . . A supposition is a conjecture based on the possibility that a thing could have happened." Louisville & N. R. Co. v. Mann's Adm'r, 227 Ky. 399, 13 S. W. (2d) 257, 258.

There is not a single fact in this evidence tending to show young Cochran was struck while on this crossing.

All they have is the testimony that he was on or near this crossing a few moments before it happened, and from that they suppose he remained there, was struck by this train, and in some unaccountable way hurled in the opposite direction to the movement of the train. ''Supposition has no legitimate support or habitation in judicial administration.'' See Mann's case, supra.

We are not to be understood as saying the plaintiffs would have made out a case if they had proven deceased was on the crossing when he was struck, but, to make a case, they would have to start by showing he was where he had a right to be, but plaintiffs were unable even to start to make out a case. Every one must regret the loss of such a promising young man, but the proof fixes no responsibility on the railroad company for his death.

The peremptory instruction to find for defendant was properly given.

The judgment is affirmed.