OLIVER v. UNION TRANSFER CO.—71 S. W. (2d) 478.

Middle Section.  January 25, 1934.

Petition for Certiorari denied by Supreme Court, May 19, 1934.

C. H. Rutherford, J. W. Rutherford, and C. H. Rutherford, Jr., all of Nashville, for plaintiff in error, Tula Oliver.

Charles P. Hatcher and Bond, Fuqua & Bond, all of Nashville, for defendant in error, Transfer Co.

CROWNOVER, J. This was an action for damages for personal injuries received by the plaintiff, Mrs. Oliver, while riding as a passenger for hire in defendant's bus, when it was turned over into a ditch on the side of the highway.

The declaration as amended contained three counts: (1) The driver by negligent and unskilled driving ran the bus off of the road and caused it to turn over. (2) The road was narrow and defective, and dangerous for bus travel, and because of combined negligence of driver and dangerous condition of the road the accident resulted. (3) Defendant's servant negligently ran its bus off of the hard-traveled surface of the road and too near the edge of the shoulder, which caused the bus to be thrown off of the bank and into the ditch, and said driver failed to stop its bus upon a solid part of the road-bed, etc.

There was no averment of negligence on account of fast and reckless driving.

The defendant pleaded not guilty.

The case was tried by the judge and a jury. At the conclusion of the evidence defendant moved the court for a directed verdict in its favor on the ground that there was no material evidence to support a verdict and no negligence shown on the part of defendant. The court sustained the motion and the jury returned a verdict accordingly, and judgment was entered dismissing plaintiff's action.

Motion for a new trial having been overruled, plaintiff appealed in error to this court and has assigned five errors, which raise only two propositions:

(1) There was material evidence that the defendant was guilty of negligence that caused the accident.

(2) The theory of the defendant, that the cave-in of the road caused the accident, was supported by evidence that was contradicted.

The defendant in error, Union Transfer Company, a corporation, is a common carrier of passengers, and in that business operates motorbusses between Pulaski and Nashville, Tennessee.

On September 24, 1929, Mrs. Tula Oliver purchased a ticket at Pulaski for Nashville and became a passenger on defendant's bus.

The regular highway between Columbia and Nashville was closed on account of construction, and the state highway department had designated the Carter's Creek road as a detour road, which road the bus company was using. This was a narrow country road covered with gravel, with a branch or a small stream at the side of it. It was raining on this date.

At a point about six miles from Columbia, the bus, while passing an approaching automobile, turned over in the ditch.

The pavement at this point was 14 feet wide with a shoulder 2½ or 3 feet wide on the side next to the branch (the side on which the bus turned over) and a shoulder 12 or 18 inches wide on the other side. The bus was 7 feet wide and an automobile 5 feet wide. The pavement of this road at other places was less than 13 feet wide with a shoulder on the branch side of about 18 inches and no shoulder on the other side.

The plaintiff and her witnesses, testified that the bus was traveling at the rate of 35 to 40 miles an hour; that an automobile was approaching; that the bus did not check its speed; that as it was passing the automobile the bus suddenly turned over into the ditch. One of plaintiff's witnesses testified that the shoulder did not cave in, but on cross-examination she admitted that the bank broke off. She also said the bus turned over on its side.

Defendant's witnesses testified that the detour road was narrow; that in some places cars could not pass each other; that at this point the road was wide enough for cars to pass, and it was the custom for one car to stop at that place while the approaching car passed, which place was called "the side track;" that there was a fill of loose rocks

there. The driver testified that he had stopped at this point before, and on this occasion he saw the automobile coming as he reached this point and had brought the bus almost to a standstill to let the other car pass; that his right wheels were about 2 feet from the edge of the shoulder; and that the bank or shoulder gave way 2½ or 3 feet from the edge and caved in the length of the bus, turning the bus slowly over on its side in the ditch. Other witnesses testified that this was the only place within 300 or 400 yards where cars could pass; that the bus had almost stopped; that the rock fill caved in the length of the bus; that about 2½ feet broke off; that the bus turned slowly over on its side; and that it was lying in the ditch on its side on a line with the caved-in part of the road.

None of the assignments of error are well made, so they must all be overruled.

██ ██ The defendant's attorney admitted in argument that ordinarily the doctrine of res ipsa loquitur should apply in such cases. In this we think he was correct. Greyhound Lines, Inc., v. Patterson, 14 Tenn. App., 652-657; Illinois Cent. R. Co. v. Kuhn, 107 Tenn., 106, 112, 64 S. W., 202. But he insisted that as plaintiff had averred specific acts of negligence, the doctrine did not apply. This contention is not well made. We think the declaration sufficiently averred general acts of negligence (which were proven), for the application of the doctrine of res ipsa loquitur, although specific acts of negligence were averred and not proven. The doctrine of res ipsa loquitur applies where general negligence is averred, even though specific acts of negligence are averred and not proven. Nashville Interurban Railway Co. v. Gregory, 137 Tenn., 422, 433, 193 S. W., 1053; Greyhound Lines v. Patterson, supra; 45 C. J., 1225-1228, sec. 786.

██ The doctrine of "res ipsa loquitur" is a rule of evidence, that is, upon proof of an accident or injuries and the attending circumstances, where the defendant owes the plaintiff a duty to use care, an inference of negligence may be drawn. 45 C. J., 1208. This inference is different from a mere presumption, in that a presumption will only be indulged in the absence of substantive evidence. Frank v. Wright, 140 Tenn., 535, 205 S. W., 434; Wright v. Bridges (Tenn. App.), 65 S. W. (2d), 265; whereas the inference drawn under the doctrine of res ipsa loquitur is substantive evidence, and in the absence of rebutting evidence or when rebutted by substantive evidence it creates an issue for the jury. 45 C. J., 1224. But, if taking it and all the undisputed facts together there is no evidence of negligence, then the court should direct a verdict. North Memphis Savings Bank v. Union Bridge & Const. Co., 138 Tenn., 161, 196 S. W., 492. In other words, the burden of proof to show negligence is on the plaintiff and remains with him all the way through the case, but upon proof of facts and circumstances sufficient for the doctrine of

res ipsa loquitur to apply the burden of going forward with evidence shifts to the defendant to explain the circumstances, and the inference may be overcome and rebutted if the defendant's explanation establishes that he is not guilty of negligence, that is, the application of the doctrine does not affect the general rule that, where the evidence is so clear and convincing that reasonable minds would not differ in their conclusions therefrom, and there is no other material evidence to the contrary, the question of the defendant's negligence is then for the court and not for the jury; and hence, if the defendant's explanation establishes the absence of negligence so clearly as to leave no substantial conflict in the testimony or issuable fact for the jury to pass on, the presumption will be overcome as a matter of law. 45 C. J., 1224; North Memphis Sav. Bank v. Union Bridge & Const. Co., supra.

Now, applying the doctrine to the facts of this case, the defendant contended, and introduced witnesses to prove, that the driver drove the bus to this point, where the road was straight for some distance, and had almost come to a stop to let another automobile pass, and that the bus' right wheels were 2 feet from the edge of the shoulder which had every appearance of being safe and sound, when suddenly and without warning the bank caved in taking the bus with it, and that the bus was turned over on its side, as the result of which the plaintiff received her injuries. Whereas the plaintiff and her witnesses denied that the bus had stopped and insisted that it was being run at the rate of 35 or 40 miles an hour while passing the other automobile when it turned over the embankment into the ditch, but none of them denied that the wheels of the bus were 2 feet from the edge of the shoulder or that the bank caved in or broke down.

The bus was not damaged, and the other passengers suffered no injuries of any consequence. The uncontradicted evidence shows that the bus turned off at right angles and did not plow into the ditch; hence, taking the uncontradicted evidence and the physical facts, we think that the defendant was guilty of no negligence that proximately contributed to the accident.

The physical facts show that the bus could not have been traveling 35 or 40 miles an hour, or at anything like that rate of speed, when it turned over, as it did not plow into the ditch or embankment, and the shoulder of the road was broken off or caved in for a distance of only the length of the bus. These things could not have happened had the bus been traveling at that rate of speed.

"A statement of alleged facts inherently impossible and absolutely at variance with well-established and universally recognized physical laws will not supply the required scintilla of evidence, a theory inherently impossible based upon a statement of alleged facts certainly cannot supply it." Louisville Water Co. v. Lally, 168 Ky., 348, 182 S. W., 186, 187, L. R. A., 1916D, 300.

".'Courts . . .. are not required to give credence to a statement that would falsify well-known laws of nature." Weltmer v. Bishop, 171 Mo., 110, 71 S. W., 167, 169, 65 L. R. A., 584, writ of error dismissed in 191 U. S., 560, 24 S. Ct., 848, 48 L. Ed., 302.

"When the testimony introduced by a plaintiff is shown by the physical facts and surroundings to be absolutely untrue, or when it is so inherently improbable as that no reasonable person can accept it as true or possible, the circuit judge should take the case from the jury, notwithstanding oral statements tending to show a right of action." Nashville, C. & St. L. R. v. Justice, 5 Higgins (5 Tenn. Civ. App.), 69.

There is no evidence that the speed of the bus proximately contributed to the accident, as none of the plaintiff's witnesses saw or knew how near the bus was to the edge of the shoulder when it turned over, or whether the shoulder caved in, and there is no evidence that the bus ran over the embankment into the ditch, or was so far over the embankment as to turn over into the ditch.

"A common carrier of passengers by motor bus or automobile stage is required to exercise the same degree of care which the law imposes on common carriers, of passengers generally, and that is the highest degree of care for the safety of its passengers consistent with the practical conduct of its business." Greyhound Lines v. Patterson, 14 Tenn. App., 656; Baskin & Cole v. Whitson, 8 Tenn. App., 578, 591.

But the carrier of passengers is not liable in damages for an accident caused by unknown defects in a road that has every appearance of being safe and solid, and which defects cannot be detected by the exercise of the highest degree of care consistent with the practical conduct of its business.

In view of the physical facts and the other evidence adduced, we cannot see that the bus company is guilty of negligence or that it failed to observe the highest degree of care imposed on it as a common carrier.

"If the defendant's explanation establishes that it was not guilty of negligence in connection with the injury, and that the thing does not usually or in the ordinary course produce such result, where due care is exercised by those in charge, the court should direct a verdict, where there is no competent evidence to the contrary. See North Memphis Savings Bank v. Union Bridge & Const. Co., supra." Nashville Railway & Light Co. v. Owen, 11 Tenn. App., 23.

"The mere dogmatic assertion, which does not appeal to the reason of the court, which does not have substance and relevant consequence, which does not have fitness to induce conviction is not proof, even if uncontradicted, and does not interfere with the duty of the court to direct a verdict." Louisville & Nashville R. R. Co. v. Jack-

son, 3 Tenn. App., 472, 473.; Tennessee Central Ry. Co. v. Dial (Tenn. App.), 65 S. W. (2d), 610, 614.

It results that all the assignments of errors must be overruled, and the judgment of the lower court dismissing the action must be affirmed. The cost of the cause including the cost of the appeal is adjudged against the plaintiff, Mrs. Oliver, for which execution may issue.

Faw, P. J., and DeWitt, J., concur.