## McPEAK v. VANDERBILT UNIVERSITY HOSPITAL (two cases).—229 S. W. (2d) 150.

Middle Section.   January 13, 1950.

Petition for Certiorari denied by Supreme Court, April 29, 1950.

Rutherford & Crockett, of Nashville, for plaintiff.

Roberts & Roberts, of Nashville, for defendant.

HOWELL, J. These are suits for damages against Vanderbilt University growing out of an operation upon the leg of the plaintiff Mrs. Maude McPeak performed in the hospital operated by the defendant at Nashville.

The plea was not guilty.

Upon the trial before the Circuit Judge and a jury, the defendant made a motion for a directed verdict in its favor at the close of the plaintiffs' proof, which motion was granted by the trial Judge and the suits dismissed.

The plaintiffs have appealed in error to this Court and have filed assignments of error which raise principally the question that the trial Judge erred in granting the motion and in holding that there was no evidence upon which verdicts for the plaintiffs could be based.

The facts are that Mrs. McPeak, a resident of Wilson County, Tennessee, a middle aged married woman with two children, had consulted her family physician at Lebanon and was advised by him to go to the Vanderbilt

Hospital for further examination and treatment. She was accepted as a patient at the Hospital and was examined by Dr. Ralph Larson, an Associate Professor of Surgery, who diagnosed her case as thrombo phlebitis in the veins of her lower right leg and on a later date she was operated upon at the hospital in the standard and well recognized manner for such an ailment, which operation is commonly accepted as the proper procedure and usually yields excellent results. Dr. Larson's testimony was offered by the plaintiff. He testified that the operation was performed by Drs. Wood, Rhoads and Hammonds in the accepted manner, but that in some cases the desired result is not obtained. He further testified that the operation was performed under the direction of Dr. Barney Brooks, Chief of Surgery at the Hospital, by the men whom he delegated to perform it and that these men were capable and competent surgeons.

■ We have carefully read and reread the evidence in these cases and cannot see that there is any competent evidence of negligence on the part of the Hospital or the doctors who had plaintiff's case in charge. It seems that the unfortunate fact is that the operation did not bring about the desired result. Where no negligence is shown and the operation is performed by capable doctors in the well recognized and accepted manner, the fact that it did not result as contemplated or hoped for does not make the hospital or the doctors responsible in damages.

The only doctors testifying in this record do not indicate any negligence or lack of skill or proper attention on the part of the representatives of the defendant.

■ In the case of Calhoun v. Fraser, 23 Tenn. App. 54, 126 S. W. (2d) 381, 392, this Court held that in a mal-

practice case which involved only the skill of the physician or surgeon in performing an operation or in administering treatment, the case must be controlled exclusively by expert testimony and said in part:

"It is too well settled to require the citation of authority that a jury may never be permitted to reach a verdict upon pure speculation. We think in the instant case there could have been no verdict by the jury based upon any proven facts, or legitimate inferences to be deduced from the proven facts, and hence, any verdict would essentially be the result of pure speculation.

"In the case of Oliver v. Union Transfer Co., 17 Tenn. App. 694, 71 S. W. (2d) 478, 480, it was held: '. . . If the defendant's explanation establishes the absence of negligence so clearly as to leave no substantial conflict in the testimony or issuable fact for the jury to pass on, the presumption will be overcome as a matter of law.' "

■■ In the case of Blankenship v. Baptist Memorial Hospital, 26 Tenn. App. 131, 168 S. W. (2d) 491, 496, this Court also said:

" 'It is the physician's privilege to decide between one of two or more courses in the treatment of his patients and, as said by the Court of Appeals, he could not be held responsible for an erroneous execise of judgment.' Casenburg v. Lewis, 163 Tenn. 163 at page 168, 40 S. W. (2d) 1038, at page 1040.

"In Snyder v. St. Louis Southwestern R. Co., 228 Mo. App. 626, 72 S. W. (2d) 504, 512, the court said on this question:

" 'We have found no better statement of the rule of care required of a physician than in the case of Bailey v. St. Louis-San Francisco R. Co., Mo. App., 296 S. W. 477, cited by plaintiff, where this court, speaking through Judge Cox, said:

" ' "Physicians and surgeons must be allowed a wide range in the exercise of their judgment and discretion. The science of medicine is not an exact science. In many instances there can be no fixed rule by which to determine the duty of a physician, but he must often use his own best judgment and act accordingly. By reason of that fact the law will not hold a physician guilty of negligence . . ., even though his judgment may prove erroneous in a given case, unless it be shown that the course pursued was clearly against the course recognized as correct by the profession generally. As long as there is room for an honest difference of opinion among competent physicians, a physician who uses his own best judgment cannot be convicted of negligence, even though it may afterward develop that he was mistaken. (Citing cases.)" '

"And where there is a difference of opinion among physicians or surgeons with reference to the treatment to be given in a particular case, a physician will not be held liable for malpractice if he follows the course of treatment advocated by a considerable number of physicians of good standing in his community. It would not be competent for a court or jury in such a case to say that a physician who followed either of said different methods of treatment was negligent."

██ Also in the same volume in the case of Floyd v. Walls, 26 Tenn. App. 151, on page 163, 168 S. W. (2d) 602, 607, this Court said:

"Granting this, he will not be held liable for honest mistakes in judgment, but only for the negligent failure to meet the standards required by the profession in the community. As said in Burnett v. Layman, 133 Tenn. 323, 328, 181 S. W. 157, 158, 'A physician does not guar-

antee the cure of his patients. Presuming a careful diagnosis, a physician is not liable for damages resulting from an honest mistake in determining upon the character of treatment to be administered, or in determining upon the necessity of an operation. These things are mere matters of judgment upon which an action cannot ordinarily be predicated'.

"In Casenburg v. Lewis, 163 Tenn. 163, 168, 40 S. W. (2d) 1038, 1040, it is said that, 'It is the physician's privilege to decide between one of two or more courses in the treatment of his patients and, as said by the Court of Appeals, he could not be held responsible for an erroneous exercise of judgment. That rule is subject, however, to the limitation that before exercising judgment the physician should inform himself by proper examination so as to ascertain the facts and circumstances on which a reasonable exercise of judgment might rest'."

In this case there is no evidence that the operation upon the plaintiff was performed in a negligent manner or that the treatment accorded her was not the usual and recognized treatment in such cases or that this operation was not skillfully performed in the standard and recognized manner.

In the case of Quinley v. Cocke et al., 183 Tenn. 428, 192 S. W. (2d) 992, 997, the Supreme Court said:

"Moreover, it is well settled by all the authorities that a physician will not be adjudged guilty of negligence for error of judgment in making a diagnosis. The question was made in Floyd v. Walls, 26 Tenn. App. 151, 168 S. W. (2d) 602, and there held, 'A physician's failure to take X-ray pictures of a fractured limb does not constitute negligence under all circumstances.' The court said (26 Tenn. App. at page 165, 168 S. W. (2d) at page 607), 'It

was not a question for a jury of laymen to say whether under the facts of the particular case the defendants were guilty of negligence in failing to take X-ray pictures of plaintiff's back. That was a question to be determined upon the testimony of experts skilled in the treatment of such injuries.' "

We do not find any merit in the assignments of error and they are overruled.

The judgments of the Circuit Court dismissing the suits are affirmed.

The plaintiffs in error will pay the costs.

Affirmed.

Felts and Hickerson, JJ., concur.