■ SAM ZALUSKIN, Appellant, v. FLORA B. ZALUSKIN, Respondent.— Appeal by plaintiff from so much of a divorce judgment of the Supreme Court, Kings County, dated June 3, 1970 and made after a nonjury trial, as awarded defendant $50 per week alimony and $1,500 for a counsel fee. Judgment modified, on the facts, by reducing the alimony award to $35 per week as of the date of the entry of the judgment and by reducing the counsel fee to $750. As so modified, judgment affirmed insofar as appealed from, without costs. In our opinion the sums awarded were excessive to the extent indicated herein. Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.

■ STANLEY ZEITCHICK, Appellant, v. JOHN A. TRACY, Respondent.— In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered May 28, 1970, in favor of defendant, upon the trial court's dismissal of the complaint at the close of the case in a jury trial. Judgment reversed, on the law, and new trial granted, with costs to appellant to abide the event. The questions of fact have not been considered. In our opinion it was error to dismiss the complaint at the close of the entire case. Viewing the evidence, as we must, in the aspect most favorable to plaintiff and giving him the benefit of every favorable inference which can reasonably be drawn therefrom (see *Andersen* v. *Bee Line*, 1 N Y 2d 169, 172), we find that the questions of respondent's negligence and appellant's freedom from contributory negligence should have been submitted to the jury. We further find that the testimony of appellant was not incredible as a matter of law (cf. *Dolfini*, v. *Erie R. R. Co.*, 178 N. Y. 1, 4; *Matter of Harriot*, 145 N. Y. 540, 546). Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.